704 S.E.2d 645

**Terry Lee PHILLIPS, Petitioner Below, Appellant**

v.

**WEST VIRGINIA DIVISION OF MOTOR VEHICLES, Joseph Cicchirillo, Commissioner, Respondent Below, Appellee.**

**No. 35436.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 7, 2010.

Decided Nov. 18, 2010.

Steven M. Thorne, Cook & Cook, Madison, WV, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, WV, for Appellee.

PER CURIAM:

Terry Lee Phillips (hereinafter "Appellant") appeals from the April 23, 2009, order of the Circuit Court of Kanawha County denying his petition for a writ of prohibition against the West Virginia Division of Motor Vehicles (hereinafter "DMV"). Appellant alleged in his circuit court petition [1] that DMV had exceeded its authority by improperly designating an out-of-state conviction for a moving violation as a hazardous driving offense. Upon review of the parties' briefs and oral arguments in light of the pertinent law, we affirm the decision of the circuit court.

## I. Factual and Procedural Background

Appellant was issued a citation while driving on Interstate 77 in the State of Virginia on March 27, 2007. He was cited for "Reckless Driving" by speeding eighty-five miles per hour in a sixty-five miles per hour zone in violation of Virginia Code § 46.2–862 (2006).[2] On May 8, 2007, after retaining counsel, Appellant pled guilty to the offense of "Improper Driving" under Virginia Code § 46.2–869 (2000).[3] According to Appellant,

---

1. The writ of prohibition, initially sought in Boone County, was transferred to Kanawha County by order of the Boone County Circuit Court dated January 16, 2009. The order reflects that the matter was transferred based on the finding that the proper venue for matters involving extraordinary writs against a state agency or officer is the Circuit Court of Kanawha County. *See West Virginia Bd. of Medicine v. Spillers*, 187 W.Va. 257, 259–60, 418 S.E.2d 571, 573–74 (1992) ("jurisdiction of writs of mandamus and prohibition against [a state agency or official] is appropriate only in the Circuit Court of Kanawha County in accordance with ... W.Va.Code § 14–2–2.").

2. Virginia Code § 46.2–862 is entitled "Exceeding speed limit" and provides:

   A person shall be guilty of reckless driving who drives a motor vehicle on the highways in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit.

3. *See* n. 9 *infra*.

improper driving is a lesser-included offense to reckless driving[4] and the least restrictive moving violation in Virginia.

In adherence to the interstate Driver License Compact,[5] the State of Virginia notified DMV of Appellant's conviction by transmittal of an abstract of conviction. DMV explained that when the abstract was received on June 4, 2007, it was noted that the Virginia conviction was for "Improper Driving," a moving violation not listed in the West Virginia Code. DMV said that it categorized the conviction as "Hazardous Driving" pursuant to West Virginia Code § 17C–6–1(a) (2003), and entered it as such on Appellant's driving record around August 1, 2007. As a result, Appellant was assessed three points on his driver's license.

Appellant contested DMV's decision by seeking a writ of prohibition in the circuit court requesting that the designation of the Virginia conviction as hazardous driving be removed from his driving record.[6] Following a hearing in the Circuit Court of Kanawha County on March 31, 2009, the petition was denied by order entered April 23, 2009. Appellant subsequently petitioned this Court for review on July 29, 2009, which petition was granted by order of January 13, 2010.

## II.  Standard of Review

■ This proceeding involves an appeal from a circuit court's denial of a writ of prohibition. "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo.*" Syl. pt. 1, *State ex rel. Callahan v. Santucci,* 210 W.Va. 483, 557 S.E.2d 890 (2001). No issue has been raised regarding the lower court's jurisdiction of this matter, thus the following guides set forth in syllabus point four of *State ex rel Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996), are applicable to our review:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower

tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*See also* Syl. Pt. 2, in part, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion.").

## III.  Discussion

■ Appellant's sole argument is that DMV was clearly wrong in designating his Virginia conviction for improper driving as a hazardous driving offense under West Virginia law, resulting in an assessment of three points against his driver's license and the placement of an internal agency designation of "035"[7] on his driving record. More particularly he asserts that although he was charged in Virginia with reckless driving for driving twenty miles per hour over the speed limit, he pled to the offense of improper driving. He maintains that by pleading to improper driving his conviction amounted to the offense of driving somewhere between one and nineteen miles per hour over the speed limit. Following this line of reasoning, Appellant maintains that DMV should have

4.  *See* n. 10 *infra.*

5.  *See* West Virginia Code §§ 17B–1A–1, 2 (1972).

6.  *See* n. 1 *supra.*

7.  According to DMV, "035" is the code used for hazardous driving offenses.

found that the more similar offense in West Virginia is the offense stated in West Virginia Code § 17C–6–1(j) (2003), which provides in pertinent part:

If an owner or driver is convicted in another state for the offense of driving above the maximum speed limit on a controlled-access highway or interstate highway and if the maximum speed limit in the other state is less than the maximum speed limit for a comparable controlled-access highway or interstate highway in this State, and *if the evidence shows* that the motor vehicle was being operated at ten miles per hour or less above what would be the maximum speed limit for a comparable controlled-access highway or interstate highway in this State, then notwithstanding the provisions of section four [§ 17B–3–4], article three, chapter seventeen-b of this code, a certified abstract of the judgment on the conviction shall not be transmitted to the division of motor vehicles or, if transmitted, shall not be recorded by the division, unless within a reasonable time after conviction, the person convicted has failed to pay all fines and costs imposed by the other state. . . .

(emphasis added).

Appellant makes the bald assertion that as the least restrictive moving violation in each jurisdiction, the Virginia offense of improper driving is equivalent to West Virginia's offense of driving less than ten miles per hour over the speed limit on a limited access highway. Based upon the provisions of the least restrictive moving violation in West Virginia, no points should be assessed against his license.[8] Appellant adds that his out-of-state conviction is also more comparable to the offense defined in West Virginia Code § 17C–6–1(j) because there is no evidence from the Virginia conviction that he committed a hazardous act. Appellant reads West Virginia Code § 17C–6–1(a) as meaning the offense of hazardous driving is committed when the general public is placed at risk of injury by commission of some hazardous act.

We first observe that West Virginia is a member of the interstate Driver License Compact. W. Va.Code §§ 17B–1A–1, 2. As noted in *Shell v. Bechtold,* 175 W.Va. 792, 795, 338 S.E.2d 393, 395–96 (1985), "[a]s a member of the interstate Driver License Compact and by virtue of Article IV, *Code,* 17B–1A–1, the DMV is required to treat out-of-state convictions in the same manner as it would in-state convictions." Article IV of the statute governing the Driver License Compact provides further instruction as to how DMV is to handle situations where an out-of-state conviction involves any offense which does not equate to an offense contained within our motor vehicle laws:

If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subsection (a) of this article, such party state shall construe the denominations and descriptions appearing in subsection (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

W. Va.Code § 17B–1A–1, Art. IV(c).

After recognizing these statutory provisions concerning DMV's responsibilities with regard to the Driver License Compact, the lower court stated the following conclusions in its April 23, 2009 order:

8. The Court concludes ... that the offense to which Mr. Phillips pled guilty— "Improper Driving"—does not contain any speed specific restrictions. As it is not clear from the record that Mr. Phillips was convicted of driving ten (10) miles or less below the speed limit on [what would be] a [comparable] highway or interstate in West Virginia, the Court cannot say that the DMV exceeded its legitimate power by recording the out-of-state conviction on Mr. Phillip's driving record.

\*     \*     \*     \*     \*     \*

10. The Court concludes ... that although "Improper Driving" and "Speeding

---

**8.** Virginia's statutory point system reflects that three points are assessed against the license of a driver convicted of improper driving as well as

for speeding between one and nine miles per hour over the speed limit. Va.Code. § 46.2–492(D)(3) (2002).

between one and nine miles per hour above the posted speed limit" may be in a similar category of offenses, Mr. Phillip's plea of guilty to "Improper Driving" does not necessarily mean that he was convicted of driving ten (10) miles or less below the speed limit. Rather, Virginia law sets forth those offenses separately. Without any evidence of the exact speed restrictions Mr. Phillips was found guilty of violating, the Court cannot conclude that the DMV's decision to record Mr. Phillip's out-of-state conviction as "Driving too fast for conditions, failure to keep vehicle under control or hazardous driving" was clearly erroneous as a matter of law.

We find these conclusions to be sound.

When DMV received the Virginia abstract of judgment containing the offense of improper driving for which there is no counterpart in West Virginia law, the agency was bound under the provisions of the Driver License Compact statute to determine an offense of "a substantially similar nature" in order to make the proper assessment of points against the driver's license and to enter the conviction on the driver's record. W. Va.Code § 17B–1A–1, Art. IV(c).

Under Virginia Code § 46.2–869,[9] a person who is charged with reckless driving may be convicted of improper driving where a court or prosecutor determines the circumstances are suitable.[10] The statute does not delineate rate of speed as an element of the offense of improper driving. Upon receipt of the abstract of the Virginia conviction for an offense not appearing in our motor vehicle laws, DMV determined that the West Virginia offense "substantially similar nature" was found in West Virginia Code § 17C–6–1(a), which states:

No person may drive a vehicle on a highway at a speed greater than is reasonable and prudent under the existing conditions and the actual and potential hazards. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care.

Under the Point System established by DMV to fulfill its record keeping responsibilities, the offense of "[d]riving too fast for conditions, failure to keep vehicle under control or hazardous driving" warrants the assessment of three points against a driver's license. 91 W. Va.C.S.R. 5, § 7.2.

Appellant argues that the more comparable offense to his conviction in Virginia for improper driving is found in West Virginia Code § 17C–6–1(j), which applies to speeding offenses committed in other states on limited access highways. The statute expressly provides no points will be assessed against the offender's driver's license *"if the evidence shows* that the motor vehicle was being operated at ten miles per hour or less above what would be the maximum speed limit for a comparable controlled-access highway or interstate highway in this State." *Id.* We have combed the record and find that no specific rate of speeding was established in this case, making the provisions of West Virginia Code § 17C–6–1(j) inapplicable. By contrast, neither Virginia Code § 46.2–869 for improper driving nor West Virginia Code § 17C–6–1(a) for driving at a speed greater than is reasonable and prudent require proof of any particular rate of speed as an element of the offense. Moreover, Appellant is incorrect in his assertion that proof of a particular hazardous act placing the general public at

---

**9.** Virginia Code § 46.2–869, entitled "Improper driving; penalty," states:

Notwithstanding the foregoing provisions of this article, upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving. However, an attorney for the Commonwealth may reduce a charge of reckless driving to improper driving at any time prior to the court's decision and shall notify the court of such

change. Improper driving shall be punishable as a traffic infraction punishable by a fine of not more than $500.

**10.** *See Chibikom v. Comm.,* 54 Va.App. 422, 680 S.E.2d 295, 297 (2009) (finding that the Virginia Code § 46.2–869 offense of improper driving is not a lesser-included offense of reckless driving by speed because the additional element of culpability is limited to decisions of a court or prosecutor.)

risk of injury is a necessary element of an offense under § 17C–6–1(a). The statute expressly contemplates driving at speeds which creates "*potential* hazards." *Id* (emphasis added).

Based upon our review, we do not find that the lower court erred in denying the writ of prohibition. DMV was acting within the statutory authority vested in the agency pursuant to the Driver License Compact, and there is no evidence of clear error on the part of DMV in applying the law to the facts in this case.

### IV. Conclusion

For the reasons stated above, we affirm the April 23, 2009, order of the Circuit Court of Kanawha County denying the writ of prohibition to stop DMV from imposing administrative sanctions for an out-of-state conviction.

Affirmed.