# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Heather B., Petitioner**

**vs) No. 12-1540** (Randolph County 12-D-184)

**Hon. Michele W. Good, Family Court Judge,
and Pamela B., Real Party in Interest,
Respondents**

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Heather B.'s appeal, by counsel James Wilson Douglas, arises from the Circuit Court of Randolph County's November 28, 2012 order denying her petition for writ of prohibition.[1] Respondent Pamela B., by counsel David H. Wilmoth, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her petition for writ of prohibition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2009, the Family Court of Randolph County issued a divorce decree in regard to petitioner and her husband, Joshua S. that was entered in September of 2009. At the time of the issuance of the divorce decree, petitioner was pregnant and later gave birth to A.B. on July 1, 2009. Following paternity testing, an order was entered naming Joshua S. as A.B.'s father. In December of 2009, Joshua S. executed a "Parental Consent For Adoption" and expressly permitted the termination of his parental rights to A.B. so that A.B.'s paternal grandmother, Respondent Pamela B., could adopt the child. After appointing a guardian ad litem to represent A.B. and reviewing the guardian's opinion as to the potential adoption, the Circuit Court of Randolph County granted the petition for adoption and awarded Pamela B. parental status to A.B. in place of the biological father by order entered on March 28, 2011. Thereafter, petitioner and the child resided with Respondent Pamela B.

On July 6, 2012, Respondent Pamela B. filed a petition for temporary and permanent parenting plans and an allocation of custodial responsibility in the Family Court of Randolph

---

[1] In keeping with this Court's policy of protecting the identity of minor children, the parties to this action will be referred to by their last initial and the child by its initials only throughout the memorandum decision.

1

County. Petitioner thereafter filed a special appearance reply based upon her assertion that the Family Court of Randolph County lacked jurisdiction over the matter because of her relocation to Harrison County with the child. On September 25, 2012, the family court conducted a hearing with respect to venue and the jurisdictional defenses raised in the reply, ultimately finding that the Family Court of Randolph County had jurisdiction and that Randolph County was the proper venue to hear the petition. This was based, in part, upon the family court's finding that the prior determination of paternity to A.B. in that court vested the Family Court of Randolph County with continuing jurisdiction for all custody matters involving the child. The family court entered an order memorializing these findings on October 29, 2012. On November 16, 2012, petitioner filed a petition for writ of prohibition in the Circuit Court of Randolph County in an attempt to prevent further proceedings in the family court. However, by order entered on November 28, 2012, the circuit court denied the petition. It is from this order that petitioner appeals.

"'The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*.' Syl. pt. 1, *State ex rel. Callahan v. Santucci*, 210 W.Va. 483, 557 S.E.2d 890 (2001)." Syl. Pt. 1, *Phillips v. W.Va. Div. of Motor Vehicles*, 226 W.Va. 645, 704 S.E.2d 645 (2010). Petitioner alleges error in the denial of her petition for writ of prohibition because she argues that Randolph County was not the proper venue for respondent's family court petition seeking custodial allocation. Upon our review, we find no error in the denial of the petition for writ of prohibition because Randolph County was an appropriate venue for respondent's petition, especially in light of the child's best interests.

Petitioner argues that West Virginia Code § 56-1-1(a)(1) requires venue be in Harrison County, where she alleges that both she and the child now reside. However, as we recently noted in *Brook B. v. Ray C.*, 230 W.Va. 355, - -, 738 S.E.2d 21, 30 (2013), "circumstances [can] arise where a minor [has] more than one residence." Further, in discussing our minor guardianship statute, we held that "the minor's residency alone . . . controls, and not the residency of any other person such as a parent, guardian, or other person with custody or control of the minor. A determination of the minor's residency is typically a question of fact." *Id*. at - -, 738 S.E.2d at 31. Respondent herein filed her "Petition For Temporary And Permanent Parenting Plan And Allocation of Custodial Responsibility" after petitioner unilaterally removed the child, whom she shared custody of, from the home wherein all the parties resided in Randolph County. As such, it is clear that factual questions surrounded the child's residency.

Based upon these facts, the Court finds that the Family Court of Randolph County is an appropriate venue for respondent's petition, especially in light of the court's familiarity with the child's convoluted history regarding custody. We have previously held that

> "[t]he controlling principle . . . is the welfare of the child and . . . in a contest involving the custody of an infant the welfare of the child is the polar stay by which the discretion of the court will be guided." *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 405, 168 S.E.2d 798, 799 (1969).

*In re Antonio R.A.*, 228 W.Va. 380, 388, 719 S.E.2d 850, 858 (2011). As outlined above, the Family Court of Randolph County has been intimately familiar with the child in question since

before she was born, having made a paternity determination and handled the transfer of custody to respondent when the child was an infant. For these reasons, we find that the Family Court of Randolph County was in the best position to hear respondent's petition, and we find no error in the circuit court's denial of petitioner's petition for a writ of prohibition.

For the foregoing reasons, the circuit court's November 28, 2012 order denying petitioner's petition for writ of prohibition is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II