736 S.E.2d 35

**John R. HOLLAND, II, Petitioner**

v.

**Joe E. MILLER, Commissioner, West Virginia Department of Motor Vehicles, Respondent.**

No. 11–1241.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 26, 2012.

Decided Nov. 8, 2012.

William C. Forbes, Forbes Law Offices, Charleston, WV, for the Petitioner.

Darrell V. McGraw, Jr., Attorney General, Janet James, Attorney General's Office, Charleston, WV, for the Respondent.

McHUGH, Justice:

John R. Holland II (hereinafter "Petitioner") hereby appeals the May 12, 2011, order of the Circuit Court of Kanawha County denying his petition for a writ of prohibition.[1] Petitioner had sought extraordinary relief in the court below in an effort to stop Joe E. Miller as the Commissioner of the West Virginia Department of Motor Vehicles (hereinafter "DMV") from pursuing license revocation proceedings against him. Petitioner contended in his circuit court petition that he was deprived of constitutional and statutory protections because DMV had not shown good cause for the repeated delays in hearing the license revocation matter. In this appeal, Petitioner maintains that the lower court erred by denying relief in prohibition based on the incorrect conclusion that this Court's decision in *Miller v. Hare*, 227 W.Va. 337, 708 S.E.2d 531 (2011), posed identical issues and rendered his request moot.

After full consideration of the briefs and arguments of the parties, in conjunction with the appendix supplied and the applicable law, the order of the circuit court is reversed and the case remanded for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

Petitioner was arrested on the charge of second offense driving under the influence (hereinafter "DUI") on January 10, 2009. DMV issued and mailed to Petitioner an Order of Revocation dated March 3, 2009.[2] Petitioner completed and submitted the prescribed DMV hearing request form, indicating on the form that he had not been driving under the influence and marking the space on the form stating that he intended to challenge the secondary chemical tests, including cross-examination of the administrator or analyzer of the test. He did not, however, mark the space requesting the attendance of the investigating officer at the hearing. In a letter dated March 5, 2009, Petitioner's lawyer repeated the intention to challenge all secondary tests at the requested revocation hearing.

An initial hearing was held on June 18, 2009. According to the briefs of the parties, Petitioner testified that he was not driving under the influence at the time he was stopped. The investigating officer was not present at the hearing, and the briefs indicate that DMV had not subpoenaed the officer since the notice of the hearing was sent to the officer by regular mail.[3] The revocation proceedings were continued so that the officer could be subpoenaed to address the conflict in the evidence.

It appears from the record accompanying the appeal that the matter was thereafter continued and rescheduled four times. No

---

1. The underlying matter was initiated with the filing of a document styled as "Petition for Writ of Prohibition and/or Writ of Mandamus"; however, the order on appeal expressly denies relief in prohibition. Our review proceeds in accord with the order on appeal as a denial of a writ of prohibition.

2. *See* W. Va.Code § 17C–5A–1(c) (administrative authority to revoke).

3. *See* W. Va.Code § 17C–5A–2(c)(3) (providing DMV notice of revocation hearing only constitutes a subpoena to appear if sent to law enforcement officer by registered or certified mail).

subsequent hearing has been convened, for varying reasons not clearly appearing on the record. The last date set for hearing was November 17, 2010, but it was cancelled in response to court order caused by Petitioner filing the underlying request for extraordinary relief on October 21, 2010.

On May 12, 2011, the circuit court issued an order denying the writ of prohibition upon the sole finding that the request was "legally without merit" in light of the *Miller v. Hare* decision handed down by this Court on April 1, 2011. It is from this order that Petitioner appeals.

## II. Standard of Review

■ " 'The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is de novo.' Syl. pt. 1, *State ex rel. Callahan v. Santucci,* 210 W.Va. 483, 557 S.E.2d 890 (2001)." Syl. Pt. 1, *Phillips v. W. Va. Div. of Motor Vehicles,* 226 W.Va. 645, 704 S.E.2d 645 (2010). As the basis of this appeal turns on the proper application of law, we note that this Court applies the same de novo standard when reviewing questions of law. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III. Discussion

Petitioner argues that the lower court erred in declaring his request for extraordinary relief moot based upon this Court's decision in *Miller v. Hare.* He asserts that his situation is factually dissimilar to *Hare* and is distinguishable from the issue he has raised. We agree and reverse the order of the circuit court.

Under the facts of the *Hare* case, the licensee specifically requested the investigative officer's attendance at the revocation hearing but the officer did not appear even though a subpoena had been issued. This Court reversed the circuit court's grant of a writ in prohibition barring a second hearing in that case based upon the following legal conclusion:

> Pursuant to West Virginia Code § 17C–5A–2(c) (2008), the Commissioner of the DMV has authority to continue an adminis-

trative license revocation hearing on his or her own motion when an investigative officer, despite a validly issued subpoena, fails to appear at the hearing and fails to seek an emergency continuance. *Good cause for the continuance exists by virtue of the statutory duty imposed on the Commissioner to secure the officer's attendance at the hearing under West Virginia Code § 17C–5A–2(d) (2008) once the licensee has specifically requested the officer's attendance at the revocation proceeding.*

Syl. Pt. 2, 227 W.Va. at 338, 708 S.E.2d at 532 (emphasis added). The holding in the *Hare* case addressed a specific statutorily defined good cause basis for granting a continuance of a revocation hearing—that is, the grant of a continuance to secure the investigating officer's attendance at the hearing as requested by the licensee. As previously noted, Petitioner in the present case did not request the presence of the officer, so the holding from the *Hare* case is not dispositive of the facts presented in Petitioner's case.

Petitioner argues that DMV's failure to provide him with any reason for the continuances in his case which would justify the administrative revocation proceedings beyond the 180–day statutory period set forth in West Virginia Code § 17C–5A–2[4] is a violation of his due process and equal protection rights. He specifically points to the fact that the notices of continuance he received contained no indication as to the reason for each of the continuances in his case, and that this practice served to obstruct his ability to determine whether a good faith challenge to the delay would be justified. He further notes that the administrative record to which he had access prior to filing his petition for extraordinary relief was different from what the DMV supplied as the administrative record in the circuit court. Petitioner contends that internal DMV memoranda were unavailable to him prior to his filing the petition for extraordinary relief, but were supplied to the circuit court by DMV as a portion of the administrative record.

■ DMV suggested during oral argument that the Commissioner did not have to have a reason to continue a hearing on his own motion, referring to this Court's decision

---

4. West Virginia Code § 17C–5A–2(c).

in *In re Petrey,* 206 W.Va. 489, 525 S.E.2d 680 (1999). The sole syllabus point in *Petrey* states:

> Non-prejudicial, *de minimis* failure by the Commissioner of the Division of Motor Vehicles to timely set or hold a hearing in accord with the provisions of *W.Va.Code,* 17C–5A–2(b) [1996] is not a bar to the Commissioner's going forward with administrative proceedings to revoke a driver's license.

This holding addresses factors which impact the determination of whether good cause for a continuance exist in given situations. It in no way eliminates the need for good cause to exist or the need to prove such existence upon review. Furthermore, such a conclusion would have no basis in statutory law or decisions of this Court.

 West Virginia Code § 17C–5A–2(c)(2) provides that continuances may occur "for good cause shown."[5] The legislative rules promulgated to implement this provision likewise expressly provide that continuances must have a good cause basis, including those initiated by the Commissioner's own motion. *See* 91 W.Va.C.S.R. 3.8.3. This Court has recognized a constitutional basis for the good cause requirement. In *Dolin v. Roberts,* 173 W.Va. 443, 446, 317 S.E.2d 802, 805 (1984), we observed that due process concerns are raised when there are excessive and unreasonable delays in license suspension cases. Addressing what constitutes an unreasonable delay for due process purposes, this Court in syllabus point two of *Dolin* said: "The effect of less gross delays upon a defendant's due process rights must be determined by a trial court by weighing the reasons for delay against the impact of the delay upon the defendant's ability to defend himself." Syl. Pt. 2, *Dolin,* quoting Syl. Pt. 2, *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (1980). This analysis was more recently applied in the license suspension case of *In re Petition of Donley,* 217 W.Va. 449, 618 S.E.2d 458 (2005). In his concurrence in *Donley,* Justice Albright stressed the due process principles underpinning the analysis related to determining the existence of good cause:

> [P]rinciples of fairness suggest that the same promptness concerns that are imposed upon a defendant who requests a hearing in connection with an administrative revocation of his operator's license should be similarly imposed upon the West Virginia Department of Motor Vehicles ("DMV"). To permit the DMV to grant itself an extension of the 180–day deadline for revocation hearings that is mandated by West Virginia Code § 17C–5A–2(b) (2004) without providing for any limits on the length of such extensions encourages the establishment of a lopsided system—a system that proves inherently unjust for the defendant. . . .

*Id.* at 453, 618 S.E.2d at 462. The sole mechanism statutorily prescribed for extending the 180–day period is limited to cases where proceedings are continued or postponed based upon a demonstration of good cause.[6] Accordingly we hold that the context of a license revocation proceeding conducted pursuant to West Virginia Code § 17C–5A–2, ascertaining whether the facts support a good cause basis for granting any continuance requires a careful examination of whether the delay was unreasonable or excessive under the circumstances, and any prejudice to the licensee shall be a factor considered in making the determination of whether the delay was unreasonable or excessive.

 As we previously determined, the lower court misinterpreted our holding in *Miller v. Hare* by failing to observe its limited application to facts which simply are not present in the case now pending. Moreover, the conclusion this Court announced in *Hare* was the sole finding upon which the lower

---

5. The same language also appears in the version of the statute which was in effect at the time the offense in this case allegedly occurred. *See* 2008 W.Va. Acts c. 70.

6. W.Va.Code § 17C–5A–2(c)(1) and (2) (2012) provides in relevant part:

> (c)(1) Any hearing shall be held within one hundred eighty days after the date upon which the Office of Administrative Hearings received the timely written objection [to the order of revocation or suspension] unless there is a postponement or continuance.
>
> (2) The Office of Administrative Hearings may postpone or continue any hearing on its own motion or upon application by the party whose license is at issue in that hearing or by the commissioner for good cause shown.

court relied to deny the relief Petitioner requested. This Court is left with no basis on which to conduct any meaningful appellate review of the continuances granted in this case. Aside from the inadequacy of findings in the lower court's order, the record supplied in the appendix to the appeal contains insufficient information for this Court to make an independent determination of whether the delays were unreasonable or excessive under the circumstances and whether defendant has been prejudiced by the unreasonable delay. Furthermore, Petitioner has challenged whether some of the documents supplied by DMV were actually part of the administrative record. Such problems are properly left to the circuit court to address and resolve. As a result, the case is remanded for further proceedings to determine whether good cause was established under existing due process standards as discussed herein for granting the continuances in Petitioner's DMV revocation proceeding, and for entry of a final order capable of review.

## IV. Conclusion

In consideration of the foregoing, the May 12, 2011, order of the Circuit Court of Kanawha County is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.