# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John R. Holland, II,**
**Petitioner Below, Petitioner**

**vs)  No. 13-0924** (Kanawha County 10-MISC-508)

**Commissioner of the West Virginia**
**Division of Motor Vehicles,**
**Respondent Below, Respondent**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John R. Holland, II, by counsel William C. Forbes and W. Jesse Forbes, appeals an order entered on July 30, 2013, in the Circuit Court of Kanawha County, denying his petition for writ of prohibition and/or mandamus. Respondent Commissioner of the West Virginia Division of Motor Vehicles, by counsel Janet E. James, filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested for second offense driving under the influence ("DUI") on January 10, 2009. He timely requested an administrative hearing by completing and returning to the Division of Motor Vehicles ("DMV") the prescribed hearing request form. It is undisputed that petitioner failed to mark the space on the form requesting the attendance of the investigative officer at the hearing. Likewise, the DMV did not subpoena the officer because the notice of hearing was sent to him by regular, rather than registered or certified, mail.[1] A hearing was scheduled for June 18, 2009, which was within 180 days of petitioner's request for hearing. *See* W.Va. Code § 17C-5A-2(c). The June 18, 2009, hearing was convened.  Petitioner appeared, with counsel, and testified that he was not driving under the influence of alcohol on January 10, 2009. Also during the hearing, the hearing examiner admitted into evidence documents offered by the DMV, including the DUI Information Sheet, which was the investigating officer's sworn statement that he arrested petitioner for DUI. Given that the investigative officer did not appear

---

[1] *See* W.Va. Code § 17C-5A-2(c)(3) (providing notice of hearing constitutes a subpoena to appear if sent to law enforcement officer by registered or certified mail); *Holland v. Miller*, 230 W.Va. 35, 37 n.3, 736 S.E.2d 35, 37 n.3 (2012) (*Holland I*).

1

at the hearing because he was not subpoenaed, the hearing examiner adjourned the hearing in order to address the conflicting evidence at a later date.[2]

On June 30, 2009, a notice of hearing was issued with a continued hearing date of September 23, 2009. The investigative officer was subpoenaed to appear at the hearing. The hearing file was sent to Hearing Examiner Robert DeLong. Mr. DeLong had neither heard the case originally on June 18, 2009,[3] nor was he assigned to the case after that hearing was adjourned. According to an internal memorandum dated September 15, 2009, from Mr. DeLong to Mary Jane Barr, who, at that time, supervised the DMV docketing clerks, petitioner's case was to be heard by another hearing examiner, Kathie D. Holland.[4] Because Mr. DeLong was not assigned to the case, he returned the file "for continuance and rescheduling." On that same date, Ms. Barr notified petitioner's counsel by fax that the September 23, 2009, hearing was continued.[5]

On November 17, 2009, petitioner's counsel was notified that the hearing was rescheduled for February 17, 2010. On November 24, 2009, the investigative officer was issued a subpoena to appear at the February 17, 2010, hearing. Although the hearing was convened as scheduled, the investigative officer failed to appear. This was the first hearing at which the investigative officer was subpoenaed to appear.[6]

Thereafter, the hearing was rescheduled for September 30, 2010. The investigative officer was issued a subpoena to appear at this hearing. However, at petitioner's request, the hearing was continued. After conferring with the office of petitioner's counsel, the hearing was

---

[2] Petitioner does not represent that he objected to the continuance of the June 18, 2009, hearing.

[3] Lou Ann Proctor was the hearing examiner who presided over the case at the June 18, 2009, hearing.

[4] The record does not reveal why Hearing Examiner Proctor was no longer assigned to the case.

[5] Petitioner does not represent that he objected to the continuance of the September 23, 2009, hearing at the time he received notice of same or at any time prior to the date he filed the underlying petition for extraordinary relief on October 21, 2010.

[6] Hearing Examiner Holland wrote a memorandum to the file dated February 17, 2010, that incorrectly noted that the investigative officer failed to appear at the initial hearing on June 18, 2009, thereby suggesting that he was subpoenaed but failed to appear. In fact, as previously noted, the investigative officer was not subpoenaed to appear at the June 18, 2009, hearing. Hearing Examiner Holland also incorrectly noted that the investigative officer failed to appear at the hearing scheduled for September 23, 2009. As indicated above, the September 23, 2009, hearing was continued and, consequently, never convened.

continued to November 17, 2010.[7] However, on October 21, 2010, petitioner filed a petition for writ of prohibition and/or mandamus in the Circuit Court of Kanawha County. Upon agreement by the parties, the administrative DMV matter was held in abeyance and an order to that effect was entered on November 17, 2010. Consequently, the November 17, 2010, hearing was continued.

By order entered May 12, 2011, the circuit court denied the petition. Petitioner appealed to this Court. As discussed in more detail below, we "remanded for further proceedings to determine whether good cause was established under existing due process standards . . . for granting the continuances in Petitioner's DMV revocation proceeding. . . ." *Holland v. Miller*, 230 W.Va. 35, 40, 736 S.E.2d 35, 40 (2012). An evidentiary hearing was conducted following remand. By order entered July 30, 2013, the circuit court determined that the DMV had shown good cause for granting the continuances of the hearings in this case and that the delays were neither unreasonable nor excessive. Therefore, the circuit court denied petitioner's request for extraordinary relief. It is from this order that petitioner now appeals.

In Syllabus Point 1 of *Holland I*, this Court recognized that "'"[t]he standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo.*" Syl. pt. 1, *State ex rel. Callahan v. Santucci,* 210 W.Va. 483, 557 S.E.2d 890 (2001).' Syl. Pt. 1, *Phillips v. W. Va. Div. of Motor Vehicles,* 226 W.Va. 645, 704 S.E.2d 645 (2010)." 230 W.Va. at 36, 736 S.E.2d at 36.[8]

In *Holland I*, we indicated that petitioner "did not request the presence of the officer" at the revocation hearing. 230 W.Va. at 38, 736 S.E.2d at 38. For this reason, we did not apply our holding in *Miller v. Hare,* 227 W.Va. 337, 708 S.E.2d 531 (2011), that an investigative officer's failure to appear at a revocation hearing to which he was subpoenaed constitutes good cause to continue the hearing. *Holland I*, 230 W.Va. at 38, 736 S.E.2d at 38.[9] More specifically, in Syllabus Point 2 of *Hare*, we held as follows:

> Pursuant to West Virginia Code § 17C–5A–2(c) (2008), the Commissioner of the DMV has authority to continue an administrative license revocation hearing on his or her own motion when an investigative officer, despite a validly issued

---

[7] The investigating officer was issued a subpoena to appear at the November 17, 2010, hearing.

[8] In *Holland I*, we noted that although "[t]he underlying matter was initiated with the filing of a . . . 'Petition for Writ of Prohibition and/or Writ of Mandamus,'" we proceeded to review the appeal "as a denial of a writ of prohibition." 230 W.Va. at 37 n.1, 736 S.E.2d at 37 n.1.

[9] Given that the circuit court relied exclusively on *Hare* to deny petitioner relief, we found that we were unable "to conduct any meaningful appellate review of the continuances granted in this case" because the circuit court had made inadequate findings and the appellate record was insufficient. We, therefore, remanded the matter for further proceedings. *Holland I*, 230 W.Va. at 40, 736 S.E.2d at 40.

3

subpoena, fails to appear at the hearing and fails to seek an emergency continuance. Good cause for the continuance exists by virtue of the statutory duty imposed on the Commissioner to secure the officer's attendance at the hearing under West Virginia Code § 17C–5A–2(d) (2008) once the licensee has specifically requested the officer's attendance at the revocation proceeding.

227 W.Va. at 338, 708 S.E.2d at 532.

However, at the circuit court hearing following remand, the evidence revealed that although the investigative officer was *not* subpoenaed to appear at the June 18, 2009, hearing (the initial hearing), he *was* subpoenaed to the rescheduled hearing, which convened on February 17, 2010. As indicated previously, it was at this hearing that the officer failed to appear. None of the hearings rescheduled subsequent thereto were ever convened. Thus, the investigative officer failed to appear at only one hearing to which he was subpoenaed. Pursuant to *Hare*, therefore, there was good cause for the Commissioner to continue the hearing.[10] Accordingly, we find no error in the circuit court's denial of the petition for writ of prohibition and/or mandamus.

For the foregoing reasons, we affirm.

Affirmed.

---

[10] Given our conclusion that, under *Hare*, good cause existed for the Commissioner to continue the hearing, we need not address petitioner's argument that the DMV's evidence failed to demonstrate that the September 23, 2009, hearing was continued for good cause given that Ms. Barr lacked any independent knowledge as to the reason for the continuance and was unable to explain why Hearing Examiner Proctor was no longer assigned to the case or why Hearing Examiner DeLong could not hear it. Furthermore, petitioner's argument that the rescheduled hearings were scheduled outside of the 180-day time period mandated by West Virginia Code § 17C-5A-2 is without merit. West Virginia Code § 17C-5A-2(c) [2008] provides, in relevant part, that

[a]ny hearing shall be held within one hundred eighty days after the date upon which the commissioner received the timely written request for a hearing unless there is a postponement or continuance. The commissioner may postpone or continue any hearing on the commissioner's own motion or upon application for each person for good cause shown.

A hearing was convened on June 18, 2009—within 180 days of petitioner's request for same—and, as already established, continued for good cause shown.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II