IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

FILED

November 3, 2014

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0837

STEVEN O. DALE, ACTING COMMISSIONER,
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,
Respondent Below, Petitioner

v.

JIMMIE J. SIZEMORE II,
Petitioner Below, Respondent

Appeal from the Circuit Court of Kanawha County
Honorable Jennifer F. Bailey, Judge
Civil Action No. 11-MISC-153

REVERSED

Submitted: October 14, 2014
Filed: November 3, 2014

Patrick Morrisey, Esq.
Attorney General
Elaine L. Skorich, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Petitioner

Michael K. Wallace, Esq.
South Charleston, West Virginia
Attorney for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*." Syl. Pt. 1, *Martin v. W.Va. Div. of Labor Contracting Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997).

2. "Pursuant to West Virginia Code § 17C-5A-2(c) (2008), the Commissioner of the DMV has authority to continue an administrative license revocation hearing on his or her own motion when an investigative officer, despite a validly issued subpoena, fails to appear at the hearing and fails to seek an emergency continuance. Good cause for the continuance exists by virtue of the statutory duty imposed on the Commissioner to secure the officer's attendance at the hearing under West Virginia Code § 17C-5A-2(d) (2008) once the licensee has specifically requested the officer's attendance at the revocation proceeding." Syl. Pt. 2, *Miller v. Hare*, 227 W.Va. 337, 708 S.E.2d 531 (2011).

3. "'Prohibition lies only to restrain inferior courts from proceeding[] in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari.' Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953)." Syl. Pt. 3, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

LOUGHRY, Justice

The petitioner, Steven O. Dale, Acting Commissioner of the West Virginia Division of Motor Vehicles ("Commissioner"), appeals the October 3, 2013, order of the Circuit Court of Kanawha County granting a writ of prohibition requested by the respondent, Jimmie J. Sizemore II. Through that order, the circuit court prohibited the Commissioner from conducting a second day of an administrative hearing regarding the revocation of Mr. Sizemore's driver's license.

Upon consideration of the parties' briefs and arguments, the appendix record submitted on appeal, and the pertinent legal authorities, including *Miller v. Hare*, 227 W.Va. 337, 708 S.E.2d 531 (2011), we conclude that the Commissioner had the authority to schedule and conduct a second day of the administrative hearing. Accordingly, we reverse the circuit court's October 3, 2013, prohibition order.

## I. Factual and Procedural Background

On February 24, 2009, Mr. Sizemore was arrested for first offense driving under the influence of alcohol ("DUI"). The arresting officer, Sergeant R. L. Foster of the Nitro Police Department, completed and forwarded a West Virginia DUI Information Sheet to the Division of Motor Vehicles ("DMV"). On March 26, 2009, the Commissioner entered an initial order revoking Mr. Sizemore's driver's license on the grounds of DUI and refusal

1

to submit to a secondary chemical breath test. *See* W.Va. Code § 17C-5A-1 (2008) (providing for license revocation for DUI or refusal to submit to secondary chemical test); W.Va. Code § 17C-5-7 (2008) (providing for license revocation for refusal to submit to secondary chemical test). Mr. Sizemore timely requested an administrative hearing before the DMV to challenge the initial order, thereby staying the revocation of his license.[1]

When seeking the administrative hearing, Mr. Sizemore checked a box on the DMV-provided form to indicate that he also requested the police officer's attendance at the hearing. In addition, Mr. Sizemore's lawyer, Michael K. Wallace, sent a letter to the DMV seeking the officer's attendance at the administrative hearing for purposes of cross-examination. The administrative hearing was initially scheduled for July 31, 2009, but was thereafter continued on two separate occasions at Mr. Wallace's request. A hearing was ultimately set for August 5, 2010.

Complying with Mr. Sizemore's written demands for the arresting officer's presence at the administrative hearing, the Commissioner issued and served a subpoena on Sergeant Foster commanding him to appear and testify at the August 5, 2010, hearing.

---

[1]Pursuant to West Virginia Code § 17C-5A-2(a) (2008), the Commissioner, upon receipt of the timely request for an administrative hearing, was required to stay the initial revocation order.

However, despite the subpoena, Sergeant Foster failed to attend the hearing.[2] Mr. Sizemore declined to waive the officer's attendance and moved for a dismissal of the revocation order and the proceedings. The DMV hearing examiner either denied or refused to rule upon the motion to dismiss.[3] After accepting Mr. Sizemore's testimony and evidence, the hearing examiner adjourned, but did not conclude, the hearing.

By notice dated November 23, 2010, the Commissioner sua sponte scheduled the license revocation matter for a further hearing to be held on March 31, 2011. On March 30, 2011, Mr. Sizemore filed a petition for a writ of prohibition and an application for stay in the Circuit Court of Kanawha County. Citing the arresting officer's failure to appear on August 5, 2010, Mr. Sizemore sought to prohibit the DMV from conducting a second day of the hearing. Mr. Sizemore asserted that Sergeant Foster had made an untimely request for a continuance of the August 5, 2010, hearing, which the DMV denied.[4] Mr. Sizemore argued

---

[2]In an internal memorandum, the DMV hearing examiner stated that he was unaware of any continuance that may have been requested by, or granted to, Sergeant Foster. Subsequently, the Commissioner admitted that Sergeant Foster did request a continuance of the August 5, 2010, hearing, but that request was denied.

[3]Because the parties did not include the entire record of the August 5, 2010, hearing in the appendix record, we are unable to clarify the exact nature of the hearing examiner's ruling.

[4]The respondent has proffered that Sergeant Foster missed the August 5, 2010, hearing because he was on a hunting trip. During a hearing held before the circuit court on March 26, 2013, Mr. Wallace verbally proffered additional facts about the officer's request for a continuance. Mr. Wallace indicated that the officer telephoned the DMV prior to the hearing

(continued...)

3

that if a driver fails to attend a DMV hearing his driver's license is automatically revoked; therefore, it is unfair and contrary to the DMV's rules to allow the State an additional opportunity to present evidence when the arresting officer fails to attend.

On the same day the petition for writ of prohibition was filed, the circuit court issued a rule to show cause order and granted an ex parte stay of the administrative proceedings. The Commissioner filed an answer on April 19, 2011, asserting that he had the statutory authority to continue the administrative hearing on his own motion because the officer failed to appear as required by the validly-issued subpoena. Nothing further occurred in the case for twenty-two months. On January 30, 2013, the Commissioner filed a motion to dismiss the petition for writ of prohibition on its merits and for lack of prosecution.

During a hearing on March 26, 2013, the circuit court denied the Commissioner's motion to dismiss and announced that it would grant the petition for writ of prohibition. The circuit court's Opinion and Order Granting Writ of Prohibition and Application for Stay, entered on October 3, 2013, prohibited the Commissioner from conducting a second hearing. The circuit court found no rule that would allow the

---

[4](...continued)
to seek a continuance and, at the officer's request, Mr. Wallace also telephoned the DMV to indicate his consent to a continuance. Regardless of the circumstances of the request for continuance, it is undisputed that the request was denied.

4

Commissioner to conduct a second hearing or to reschedule a properly convened hearing. The circuit court opined that while the Commissioner has the authority to continue a hearing on his own motion, he "may not exercise [his] authority to deny a pre-hearing continuance request and then, post hearing, schedule a second hearing when the first hearing does not proceed in a manner that benefits the Commissioner." The circuit court concluded that the Commissioner disregarded the procedural law for DMV hearings. *See* Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996) (setting forth factors to support award of prohibition relief, including lower tribunal's persistent disregard for procedural law).[5]

## II. Standard of Review

As we have previously recognized, "[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*." Syl. Pt. 1, *Martin v. W.Va. Div. of Labor Contracting Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997). With this standard in mind, we examine the parties' arguments and the appendix record before us.

---

[5]There is an inconsistency between the circuit court's decision as announced during the March 26, 2013, hearing, and the circuit court's October 3, 2013, written order. During the hearing, the judge said "I am going to order that Mr. Sizemore's licensing privileges are restored[.]" However, the order only "prohibited [the Commissioner] from conducting a second hearing" and did not address the ultimate issue of whether Mr. Sizemore's license should be revoked. Because we conclude that granting extraordinary relief was erroneous, we need not resolve this inconsistency.

### III. Discussion

The Commissioner argues that he had the authority to adjourn the administrative hearing and sua sponte schedule the matter for a second hearing on a later date. As explained below, we agree.

At the outset, we recognize that the law applicable to this license revocation matter is the law that was in effect in 2009, when Mr. Sizemore's alleged acts of DUI and refusal to submit to the secondary chemical test occurred. At that time, under statutes enacted and effective in 2008, it was the duty of the Commissioner, through his designated hearing examiner, to hold the administrative revocation hearing and decide whether to uphold or overturn the initial revocation order. *See* W.Va. Code § 17C-5A-2 (2008).[6]

The law at the time of Mr. Sizemore's arrest provided that the investigating officer "shall not attend the [administrative] hearing" unless requested to do so by the driver or the Commissioner, and that the DMV was "solely responsible for causing the attendance

---

[6]Effective June 11, 2010, the Legislature changed the procedures by which a driver may challenge the Commissioner's initial revocation of a driver's license. Instead of the Commissioner and his designated hearing examiner holding the administrative hearing and making the decision whether to uphold or overturn an initial revocation order, those functions now rest with an independent hearing board, the Office of Administrative Hearings. *See,* W.Va. Code § 17C-5A-2 (2013). As we recognized in *Miller v. Epling*, 229 W.Va. 574, 584, 729 S.E.2d 896, 906 (2012), and *Miller v. Smith*, 229 W.Va. 478, 482-83, 729 S.E.2d 800, 804-05 (2012), the Commissioner retained jurisdiction over all cases involving DUI incidents that occurred prior to June 11, 2010.

of the investigating officers." W.Va. Code § 17C-5A-2(d) (2008). The requirements and procedures for obtaining a continuance of an administrative hearing were set forth in legislative rules. These rules provided that the Commissioner could grant a continuance to the driver or the arresting officer upon good cause shown if the request for continuance was made in writing and received by the Commissioner at least five days prior to the scheduled hearing date. W.Va. C.S.R. §§ 91-1-3.8.1, -3.8.2 (2005). "Good cause" included serious illness, medical appointments, court appearances, or religious holidays. *Id.* The rules also specified that the Commissioner could postpone or continue a hearing on his own motion for good cause, including the unavailability of essential personnel. W.Va. C.S.R. § 91-1-3.8.3 (2005). Finally, the Commissioner was authorized to grant an "emergency continuance" on fewer than five days notice if there was an unexpected emergency. W.Va. C.S.R. § 91-1-3.8.4 (2005).[7]

---

[7]The full text of these legislative rules is as follows:

> 3.8.1. The Commissioner may grant the person requesting a hearing a continuance of the scheduled hearing. The person shall make the request for continuance in writing, and it must be received by the Commissioner at least five (5) days prior to the scheduled hearing date. The Commissioner shall grant the request if good cause is shown. Good cause shall include such reasons as serious illness, medical appointments, court appearances, or religious holidays. In no case may the Commissioner grant more than one continuance per party except as provided in Subdivisions 3.8.3 and 3.8.4.

> 3.8.2. In DUI hearings, the Commissioner may also grant a

(continued...)

We discussed and applied this law in *Miller v. Hare*, 227 W.Va. 337, 708

S.E.2d 531 (2011), a case with facts very similar to those in the case *sub judice*. In *Hare*, the

Commissioner issued an initial revocation order stemming from an incident of DUI. The

driver requested both an administrative hearing and the arresting officer's presence at the

hearing. The Commissioner issued a subpoena to the officer but the officer failed to appear,

so the hearing was adjourned and the Commissioner sua sponte rescheduled it for a later date.

The circuit court issued a writ of prohibition precluding the Commissioner from holding the

---

[7](...continued)
> continuance to the arresting officer as prescribed in Subdivision 3.8.1.
>
> 3.8.3. The Commissioner may postpone or continue a hearing on his or her own motion. The motion shall be for good cause including, but not limited to, docket management, availability of hearing examiners or other essential personnel, Division error in scheduling or notice, or mechanical failure of essential equipment, i.e. recording equipment, file storage equipment, etc.
>
> 3.8.4. The Commissioner may grant an emergency continuance on less than five days notice to the person requesting the hearing and also the arresting officer in a DUI hearing for unexpected personal emergencies of the person, attorney, arresting officer, or subpoenaed witnesses. An emergency situation requiring the services of an arresting officer en route to a hearing qualifies as an unexpected personal emergency. Any emergency continuance request may be made by telephone but also must be submitted in writing. The written request must be received by the Division no later than five (5) days after the date the hearing was scheduled or the provisions of Subsection 3.7 will be applied as if the party requesting the continuance failed to appear.

second hearing, but this Court reversed the prohibition order and allowed the Commissioner to proceed. We concluded in *Hare* that the Commissioner's statutory duty to secure the officer's presence at the hearing upon the driver's request provided good cause to continue the hearing when the officer failed to appear pursuant to subpoena.

> Pursuant to West Virginia Code § 17C-5A-2(c) (2008), the Commissioner of the DMV has authority to continue an administrative license revocation hearing on his or her own motion when an investigative officer, despite a validly issued subpoena, fails to appear at the hearing and fails to seek an emergency continuance. Good cause for the continuance exists by virtue of the statutory duty imposed on the Commissioner to secure the officer's attendance at the hearing under West Virginia Code § 17C-5A-2(d) (2008) once the licensee has specifically requested the officer's attendance at the revocation proceeding.

*Hare*, 227 W.Va. at 338, 708 S.E.2d at 532, syl. pt. 2. Importantly, in *Hare*, we rejected the same arguments that Mr. Sizemore made to the circuit court regarding the alleged unfairness of granting a continuance due to an officer's non-appearance.[8]

Mr. Sizemore argues, and the circuit court found, that *Hare* is distinguishable from the instant case because Sergeant Foster requested a continuance of the administrative

---

[8]Subsequent to *Hare*, we had another opportunity to address the ramifications under the 2008 law of an officer's failure to appear at a DMV hearing. In *Holland v. Miller*, 230 W.Va. 35, 38, 736 S.E.2d 35, 38 (2012), we concluded that the holding in *Hare* did not apply when the driver had failed to request the officer's presence at the administrative hearing. Because Mr. Sizemore and his attorney did request Sergeant Foster's presence at the hearing, *Holland* is wholly inapposite.

9

hearing, while the officer in *Hare* did not request a continuance. However, the critical fact defeating this argument is that Sergeant Foster's request for a continuance was *denied* by the Commissioner. Pursuant to § 91-1-3.8.1 of the West Virginia Code of State Rules, the Commissioner was not obligated to grant Sergeant Foster's request.[9] Because Sergeant Foster was a subpoenaed witness for the August 5, 2010, DMV hearing, he was legally required to attend.

We find that *Hare* is controlling and dictates the outcome of the instant appeal. Mr. Sizemore requested the officer's presence at the hearing and, in compliance with his statutory duty to obtain the officer's presence, the Commissioner issued a subpoena commanding Sergeant Foster to appear. When the officer failed to attend the hearing despite the validly-issued subpoena, and when Mr. Sizemore declined to waive the officer's presence, the Commissioner had good cause to adjourn and continue the hearing to a later day in order to secure the officer's testimony.[10]

---

[9]West Virginia Code of State Rules § 91-1-3.8.1 allowed the Commissioner to grant a continuance so long as specific conditions were met. The appendix record on appeal contains little information about Sergeant Foster's request for a continuance of the August 5, 2010, hearing, so we are unable to ascertain exactly why the request was denied. We note, however, that Mr. Sizemore averred in his petition for a writ of prohibition that Sergeant Foster's request for a continuance was untimely made, and during the circuit court hearing, Mr. Wallace indicated that the officer's request was made verbally. Pursuant to the rules, a request for a continuance had to be made in writing at least five days before the scheduled hearing date. *Id.*

[10]Although *Hare*, syllabus point 2, provides an exception if the investigating officer
(continued...)

It is well-settled that "'[p]rohibition lies only to restrain inferior courts from proceeding[] in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari.' Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953)." *Hoover,* 199 W.Va. at 14, 483 S.E.2d at 14, syl. pt. 3. Because the Commissioner acted within his legitimate powers, the circuit court erred in granting this writ of prohibition.[11]

## IV. Conclusion

For the foregoing reasons, we reverse the circuit court's prohibition order and direct that the Commissioner may proceed with the administrative revocation matter. Considering the passage of time, the Commissioner is instructed to conclude the administrative matter with the utmost alacrity.

Reversed.

---

[10](...continued)
requests an "emergency continuance," there is no indication that Sergeant Foster requested an "emergency continuance" of the August 5, 2010, hearing. Pursuant to West Virginia Code of State Rules § 91-1-3.8.4, the Commissioner could grant an "emergency continuance" for "unexpected personal emergencies." Assuming Sergeant Foster's request was based on a planned hunting trip, as the respondent has proffered, such would not constitute an unexpected personal emergency.

[11]Although the Commissioner raises additional assignments of error on appeal, our holding renders it unnecessary for us to address those issues.