# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark W. Warner,**
**Petitioner Below, Petitioner**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0229** (Randolph County 14-AA-2)

**Patricia S. Reed, Commissioner of**
**The West Virginia Division of Motor Vehicles,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark W. Warner, by counsel Scott Curnutte, appeals the Circuit Court of Randolph County's February 6, 2015, order denying his appeal from the decision of the Division of Motor Vehicles ("DMV") that upheld a decision of the commissioner to revoke his driver's license and disqualify his commercial driver's license for driving under the influence ("DUI") of alcohol. The commissioner, by counsel Elaine L. Skorich, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the hearing examiner's decision was clearly wrong, and that respondent's delays in both holding his hearing and issuing the resulting order violated his due process rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 12, 2010, at approximately 8:35 p.m., Trooper Hevener of the West Virginia State Police ("WVSP") observed a 2006 Chevrolet Silverado traveling at an excessive speed in Daily, Randolph County, West Virginia. Trooper Hevener initiated a traffic stop of the vehicle and identified the driver as Mark W. Warner, petitioner herein. At the time, petitioner was licensed to operate a Class A commercial motor vehicle. Petitioner had the odor of alcohol on his breath, was unsteady while walking roadside, and had glazed eyes. Petitioner admitted to consuming three or four beers. In the vehicle was a glass that smelled of alcohol and three cases of Budweiser beer, one of which was open. Trooper Hevener administered a series of field sobriety tests to petitioner, during which petitioner's eyes lacked smooth pursuit, displayed distinct and sustained nystagmus at maximum deviation, and exhibited the onset of nystagmus prior to an angle of forty-five degrees. During the walk-and-turn test, petitioner stepped off the line, missed the heel-to-toe, and raised his arms to balance. Petitioner successfully completed the one-leg stand test. Trooper Hevener had reasonable grounds to believe that petitioner was driving

1

under the influence of alcohol and transported him to the Elkins Police Department. At the station, petitioner refused to submit to a secondary chemical test ("SCT") of the blood, breath, or urine. Petitioner also had a prior disqualification of his CDL for leaving the scene of an accident on August 29, 2009.

In April of 2010, the DMV sent petitioner an order of license revocation for DUI and refusing to submit to an SCT. In June of 2010, the DMV sent petitioner an amended order of disqualification for his CDL. In May of 2010, the DMV received petitioner's hearing request form, wherein he stated that he wished to challenge the SCT and the sobriety checkpoint operational guideline, even though neither of these events occurred in this matter. Petitioner also indicated that he requested Trooper Hevener's attendance at the administrative hearing and that he wished to cross-examine the individuals that administered the SCT, even though he refused to submit to the same.

In July of 2010, the magistrate court presiding over petitioner's related criminal proceeding granted the State's motion to dismiss the DUI charge against petitioner, with prejudice. The dismissal was not in exchange for any plea to any other criminal charge. That same month, an administrative hearing was scheduled, but petitioner's counsel requested a continuance due to a scheduling conflict. The hearing was rescheduled for September 24, 2010, and Trooper Hevener was subpoenaed to attend.

In September of 2010, petitioner and his counsel appeared for the hearing, but Trooper Hevener failed to appear and did not seek a continuance. Petitioner presented testimony at this hearing and further refused to waive Trooper Hevener's attendance. As such, the hearing examiner continued the matter so the DMV could enforce the subpoena. Four days after the hearing, Trooper Hevener requested a continuance. The DMV rescheduled the hearing for February 10, 2011, but on January 21, 2011, petitioner filed a petition for writ of prohibition in the Circuit Court of Kanawha County related to his administrative hearing. The parties agreed to stay the administrative hearing pending this Court's decision in *Miller v. Hare*, 227 W.Va. 337, 708 S.E.2d 531 (2011).

In April of 2011, the *Hare* decision was released and the Court held that the DMV has the authority to continue a hearing when the investigating officer, despite a validly issued subpoena, fails to appear at the hearing and fails to seek an emergency continuance. *Id.* at 338, 708 S.E.2d at 532, Syl. Pt. 2. The parties agreed that the *Hare* decision was dispositive of the issue and moved jointly to dismiss petitioner's petition for writ of prohibition in the circuit court. Thereafter, the DMV set the matter for a hearing on December 14, 2011, but petitioner moved to continue the matter due to a scheduling conflict with his counsel.

The DMV then rescheduled the hearing for March of 2012. At the hearing, Trooper Hevener appeared and testified, but petitioner chose not to provide additional testimony despite the opportunity to do so. Unrelated to petitioner's administrative hearing, the Office of Administrative Hearings ("OAH") was created to hear appeals of DUI matters pursuant to West

Virginia Code § 17C-5C-5, effective June 11, 2010.[1] As such, the DMV not only transferred the equipment and records from conducting administrative hearings to the OAH, but it also transferred employment of the hearing examiners, including Lou Ann Proctor, the hearing examiner who heard testimony in petitioner's case.

In November of 2012, Ms. Proctor returned petitioner's case file to the DMV because the OAH did not have jurisdiction over the matter. On March 26, 2014, more than two years after petitioner's hearing, DMV employee Jennifer Pierson sent Ms. Proctor a proposed order for her review. Ms. Proctor responded that she noted mistakes in the order, but that because it was the Commissioner's decision and proposed order, the DMV could issue the order however it chose. In June of 2014, Ms. Pierson sent a copy of a proposed final order to DMV hearing examiner James M. Adkins, along with the base DUI records and the audio files so he could review the same. The following month, the DMV issued the final order that suspended petitioner's driver's license for one year for failing to submit to the SCT and six months for DUI, said revocations to run concurrently. The DMV further disqualified petitioner from operating a commercial motor vehicle for life. Petitioner thereafter appealed to the circuit court. In February of 2015, the circuit court entered an order denying petitioner's appeal. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 1, *Reed v. Conniff*, 236 W.Va. 300, 779 S.E.2d 568 (2015). Upon our review, the Court finds no error in the circuit court's order denying petitioner's appeal. On appeal to this Court, petitioner addresses several factual issues in support of his argument that the hearing examiner's decision was clearly wrong. Specifically, petitioner attacks the validity of the sobriety tests administered during his arrest, including the horizontal gaze nystagmus test and the walk-and-turn test. While petitioner alleges several deficiencies with the horizontal gaze nystagmus test, the Court notes that it is unnecessary to address these allegations herein because the circuit court found that "due to the [investigating officer's] failure to recall specifics about how this test was administered, the hearing examiner below[] did not give [this] test any weight."

---

[1]Additionally, this Court's decision in *Miller v. Epling*, 229 W.Va. 574, 584, 729 S.E.2d 896, 906 (2012), held that the DMV Commissioner properly retained jurisdiction over any DUI case with an arrest date prior to June 11, 2010, notwithstanding the statute transferring authority to the OAH.

Moreover, the issues petitioner alleges in regard to the walk-and-turn test lack merit in light of the overall facts of this case. The hearing examiner below specifically found that during the walk-and-turn test, petitioner stepped off the line, missed heel-to-toe, and raised his arms to balance. On appeal, petitioner alleges that these findings are clearly wrong because Trooper Hevener could not recall "whether there even was a line, let alone how far or when [petitioner] stepped off it." Petitioner further alleges that he properly completed some aspects of this test, such as turning properly. Upon our review, however, we find that petitioner's arguments do not establish that these findings are clearly wrong such that we should not afford them deference as required. Moreover, petitioner's argument on this issue ignores other substantial evidence supporting the hearing examiner's decision. This includes the fact that Trooper Hevener noticed an odor of alcohol on petitioner's breath, his unsteady gate on the roadside, and that his eyes were glazed. Petitioner also admitted to the investigating officer that he consumed "three or four beers," while Trooper Hevener observed an open case of beer and a glass that smelled of alcohol in the car. These facts clearly support the hearing examiner's decision.

Petitioner additionally argues that the hearing examiner's decision was clearly wrong because of alleged deficiencies in offering him the opportunity to take an SCT after his arrest. Petitioner argues that Trooper Hevener could not recall offering petitioner the opportunity to take the test or whether he then, after waiting an appropriate amount of time, offered petitioner a second chance to take the test. While it is true that Trooper Hevener testified that he could not specifically recall these facts, he also testified that his contemporaneous notes from petitioner's DUI information sheet indicated that he twice offered petitioner the chance to take the SCT and that petitioner refused both times. As such, the hearing examiner specifically found that petitioner twice refused the test, and we, accordingly, find no evidence that this finding is clearly wrong. For these reasons, the Court finds that the findings of fact below were not clearly wrong and that the circuit court did not err in affirming the hearing examiner's decision.

Petitioner next argues that the procedural delays below violated his constitutional due process rights and caused him to suffer actual prejudice. Specifically, petitioner alleges that the approximately two-year delay between his request for a hearing and the actual holding of the administrative hearing and the approximately two-year delay between his administrative hearing and the order revoking his license constitute undue delay and due process violations. The Court, however, does not agree.

We recently addressed a delay in the DMV administrative hearing process of approximately four years and ultimately found that such a delay did not, on its face, constitute a due process violation. *See Reed v. Conniff*, 236 W.Va. 300, 779 S.E.2d 568 (2015). In that case, the circuit court found that the DMV's lack of authority to grant continuances over petitioner's objection constituted a violation of petitioner's due process rights. *Id.* at --, 779 S.E.2d at 572. On appeal to this Court, however, we reversed the circuit court's ruling and cited our prior holdings addressing the DMV Commissioner's statutory authority to continue such matters in order to comply with the statutory requirement to secure an investigating officer's attendance. *Id.* at --, 779 S.E.2d at 569, syl. pt. 3 (quoting Syl. Pt. 2, *Miller*, 227 W.Va. at 338, 708 S.E.2d at 532).

4

Further, in addressing the overall delay in that proceeding, we recognized "that the DMV is statutorily charged with conducting hearings within six months of the request for hearing," and added that "[i]rrespective of the 'postponement or continuance' caveat to this time frame, our caselaw makes clear that the DMV may not perpetually continue revocation proceedings *ad infinitum*, thereby obliterating the statutory time limitations and jeopardizing drivers' due process rights." *Id.* at --, 779 S.E.2d at 575. Further, we noted that "due process concerns are raised when there are excessive and unreasonable delays in license suspension cases." *Id.* (quoting *Holland v. Miller*, 230 W.Va. 35, 39, 736 S.E.2d 35, 39 (2012)). Specifically, we stated that

> [i]n the context of a license revocation proceeding conducted pursuant to West Virginia Code § 17C–5A–2, ascertaining whether the facts support a good cause basis for granting any continuance requires a careful examination of whether the delay was unreasonable or excessive under the circumstances, and any prejudice to the licensee shall be a factor considered in making the determination of whether the delay was unreasonable or excessive.

*Holland*, 230 W.Va. at 36, 736 S.E.2d at 36, Syl. Pt. 4. Based on these prior holdings, we found that the delay in *Reed*, while presumptively prejudicial, did not rise to the level of appreciable prejudice such that dismissal was warranted. *Reed* at --, 779 S.E.2d at 576. This decision was based on several factors, including the fact that the driver presented no evidence to rebut the DMV's assertion that he was driving under the influence and that his cross-examination of the investigating officer was largely limited to the issue of his subpoena for the administrative hearing.

Upon our review, we find that the matter currently on appeal is factually similar to *Reed*. Petitioner herein suffered a delay of approximately two years between his request for a hearing and the actual administrative hearing, approximately half the delay suffered in *Reed*. Similarly, the circuit court in this matter found that petitioner "never testified that he was not drinking [on the] night [of his arrest] or that he was not driving that night[,]" and that petitioner "never denied the indicia of intoxication as recorded by the officer on the" DUI information sheet. This is in spite of the fact that petitioner was presented with such an opportunity after Trooper Hevener's testimony in 2012. Further, the circuit court found that petitioner's arguments about Trooper Hevener's inability to recall specifics of the field sobriety tests were irrelevant, given that the DUI information sheet containing these facts was "automatically admitted into evidence and [was] deemed presumably correct subject to rebuttal." In fact, the circuit court noted that petitioner "does not argue that he, himself, could not accurately remember the events that occurred on the night of his arrest." According to the circuit court "that is the very reason why the [investigating officer] records the details of the DUI arrest on the [DUI information sheet] contemporaneously with the events" and added that the DUI information sheet "is sworn under oath by the officer and is evidence of the events as they occurred."

Moreover, it is important to note that several extended delays were the result of petitioner requesting continuances due to conflicts with his counsel's schedule, as well as an approximately six-month delay due to petitioner's filing of a petition for writ of prohibition in circuit court related to the holding of the administrative hearing at issue. This filing resulted in an agreed stay

pending this Court's resolution of a matter that the parties believed would have bearing on the circuit court proceeding. As such, the Court concludes that the delay in the holding of the administrative hearing at issue does not constitute a violation of petitioner's due process rights.

Further, the Court finds that petitioner suffered no actual prejudice as a result of this delay. Petitioner argues that he was prejudiced because of Trooper Hevener's inability to recall specifics about the field sobriety tests and, as such, was unable to demonstrate deficiencies with those tests. The Court, however, does not agree, especially in light of the circuit court's findings regarding the accuracy of the evidence contained in the DUI information sheet regarding these tests, and also the fact that the hearing examiner essentially disregarded the results of the horizontal gaze nystagmus test because of the investigating officer's failure to recall certain aspects of its implementation. Additionally, we find no merit to petitioner's argument that he suffered prejudice because of Trooper Hevener's inability to recall when he offered petitioner the opportunity to submit to the SCT. Again, this evidence was set forth in the DUI information sheet. Moreover, petitioner's argument on this issue indicates a misunderstanding about how the DUI information sheet is completed. Petitioner argues that Trooper Hevener failed to check boxes on the sheet under the heading of "Breath Test Operational Checklist," which included a box that indicated that he "check[ed] subject and then observed for twenty (20) minutes prior to the collection of breath specimen . . . ." As noted above, petitioner refused two opportunities to submit to this test, which explains why Trooper Hevener would not have checked a box that related to petitioner actually undergoing the same. Simply put, the box was not checked because petitioner provided no breath specimen.

Finally, the Court similarly finds no violation of petitioner's due process rights in the approximately two-year delay between the administrative hearing and the issuance of the order revoking petitioner's license. In support of this assignment of error, petitioner alleges only that this delay caused him prejudice because the matter was transferred from the hearing examiner who actually presided over his hearing to another hearing examiner who later entered the order revoking his license. According to petitioner, even if the original examiner had drafter the order, the delay likely would have caused her to be unable to recall crucial elements of his case. We note, however, that petitioner provides no evidence to support this claim. We further find that, while the DMV did engage in an unnecessarily long delay in issuing the order, there is no evidence in the record that the hearing examiner would have made different findings if the order had been entered sooner. For these reasons, given the specific facts of this case, we find that the delay between the hearing and the issuance of the order revoking petitioner's license did not constitute a violation of his due process rights.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Chief Justice Menis E. Ketchum, dissenting and writing separately:

      The two-year procedural delays caused by the State constitute a due process violation that actually prejudiced Mr. Warner's defense.