557 S.E.2d 890

**STATE of West Virginia ex rel. Kevin CALLAHAN, Petitioner Below, Appellant,**

v.

**Honorable Katherine SANTUCCI, Magistrate, Respondent Below, Appellee.**

No. 29103.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 7, 2001.

Decided Dec. 13, 2001.

---

Kevin D. Mills, Esq., Martinsburg, West Virginia, Attorney for Appellant.

Darrell V. McGraw, Jr., Attorney General, Jon R. Blevins, Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

McGRAW, Chief Justice:

This case presents the issue of whether a magistrate court is required to hold a hearing to permit a defendant to demonstrate "unavoidable cause" for the failure to request a jury trial within twenty days of an initial appearance, as required by W. Va.Code § 50-5-8(b) (1994) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts. For the reasons set forth below, we find that a defendant must be given a reasonable opportunity to adduce evidence and argument bearing upon whether the tardiness in requesting a jury trial was occasioned by such unavoidable cause, as

contemplated by Rule 26(b)(3) of the West Virginia Rules of Criminal Procedure for Magistrate Courts.

## I.

## BACKGROUND

The defendant in the underlying criminal action, Kevin Callahan, was arrested on October 31, 1998 for several traffic offenses, including first-offense driving while under the influence, W. Va.Code § 17C–5–2(d) (1996), and driving without a license, W. Va.Code § 17B–2–1(a) & (f) (1995). During an initial appearance on the day following his arrest, Callahan signed a form indicating he had been made aware that if he desired a jury trial it would have to be requested within twenty days of the initial appearance, as required by W. Va.Code § 50–5–8(b) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts. In the section of the form where a defendant is given the choice of requesting appointment of counsel or waiving such right to appointed representation, there is the notation, "will hire own." It is unclear whether this notation was made by Callahan or some other individual, although the form is signed by the defendant.

A request for a jury trial was not filed in magistrate court until February 24, 1999, one day after Callahan retained current counsel to defend him. When the initial request for a jury trial was denied, Callahan filed a Motion for Reconsideration of Defendant's Request for Jury Trial, which stated simply that the motion was being brought "pursuant to *State ex rel Ring v. Boober*, [200 W.Va. 66,] 488 S.E.2d 66 (1997)." The magistrate again denied the request, and Callahan subsequently filed a petition for a writ of prohibition and/or mandamus in the circuit court on May 17, 2000, arguing that the magistrate had erred in failing to conduct a hearing to determine whether under Rule 26(b) of the Rules of Criminal Procedure for Magistrate Courts there was "unavoidable cause" excusing the defendant's failure to timely request a jury trial. The circuit court denied extraordinary relief by an order entered on June 23, 2000, and this appeal followed.

## II.

## STANDARD OF REVIEW

■ The present appeal involves a challenge to a circuit court's refusal to grant extraordinary relief by way of a writ of prohibition or mandamus. We therefore undertake *de novo* review to determine whether the prerequisites for such relief were satisfied in proceedings below. *See* syl. pt. 1, *State ex rel. Anstey v. Davis*, 203 W.Va. 538, 509 S.E.2d 579 (1998) ("Our standard of appellate review of a circuit court's decision to refuse to grant relief through an extraordinary writ of mandamus is *de novo*."); syl. pt. 1, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997) ("The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*.").

■ This Court has previously explained the criteria that must be considered by a court in determining whether prohibition should issue where it is asserted that a court has exceeded its legitimate powers:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear

error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Alternatively,

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

## III.

## DISCUSSION

■ The dispositive issue in this case is whether the magistrate court was required to hold a hearing so as to permit Callahan to demonstrate that his tardiness in requesting a jury trial was occasioned by "unavoidable cause." West Virginia Code § 50–5–8(b) [1] and Rule 5(c) [2] of the West Virginia Rules of Criminal Procedure for Magistrate Courts both provide that a defendant charged with a misdemeanor offense triable in magistrate court must request a jury trial no later than twenty days following the defendant's initial appearance before a magistrate.[3] This authority further provides that absent such a request, the defendant's right to a jury trial is deemed waived.

1. Section 50–5–8(b) provides:
   A defendant in any criminal trial for a misdemeanor offense triable before a magistrate has the right to demand that the matter be tried with a jury, and the defendant shall be advised of the right to trial by jury in writing. A demand by the defendant for a jury trial must be made in writing not later than twenty days after the defendant's initial appearance before the magistrate: Provided, That in the case of an indigent for whom counsel is to be appointed, the twenty-day period shall not commence to run until counsel is appointed. Failure to demand within such time constitutes a waiver of the right to trial by jury.

2. Rule 5(c) provides:
   *Demand for Jury Trial.*—When a magistrate informs a defendant of the right to demand a jury trial, the defendant shall also be informed that the demand must be made to the court in

■ This Court observed in syllabus point five of *State v. Neuman*, 179 W.Va. 580, 371 S.E.2d 77 (1988), that "[c]ertain constitutional rights are so inherently personal and so tied to fundamental concepts of justice that their surrender by anyone other than the accused acting voluntarily, knowingly, and intelligently would call into question the fairness of a criminal trial." Echoing this sentiment, we made clear in *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979), that the

> waiver of a constitutional right is not implied to be lightly regarded, and if such a waiver is to be implied at all, it can only be in situations in which it is clear that the accused has not only a full knowledge of all facts and of his rights, but a full appreciation of the effects of his voluntary relinquishment.

*Id.* at 377, 256 S.E.2d at 873. Thus, as was we have made clear in the present context,

> The right to a jury trial is so fundamental that procedural safeguards must be employed, including making an appropriate record of any waiver of this right, to ensure that a defendant's waiver of the right was made personally, knowingly, intelligently and voluntarily.

Syl. pt. 3, *State v. Redden*, 199 W.Va. 660, 487 S.E.2d 318 (1997) (citing *Neuman*, 179 W.Va. at 584, 371 S.E.2d at 81); *see also State ex rel. Collins v. Bedell*, 194 W.Va. 390, 403, 460 S.E.2d 636, 649 (1995) ("the right to a jury trial may only be waived by the volun-

writing either within 20 days after the initial appearance or 20 days after an attorney is appointed by the circuit court, whichever applies, or the right will be waived and the trial will be before the magistrate without a jury. The magistrate shall further inform the defendant that if a jury trial is demanded, the demand may not be withdrawn if the prosecuting attorney objects to the withdrawal.

3. Both § 50–5–8(b) and corresponding Rule 5(c) make an exception for defendants who are indigent and who have been appointed counsel. In such circumstance, the defendant is permitted to request a jury trial within 20 days of the appointment of counsel. Callahan did not request the appointment of counsel, but instead chose to retain counsel of his own choosing. This exception therefore does not apply in the present case.

tary and intelligent consent of the defendant").

This Court recently applied these concepts in addressing the issue of whether the implied waiver provisions of § 50–5–8(b) and Rule 5(c) are consistent with the right to trial by jury set forth in Article III, § 14 of the West Virginia Constitution, as well as the right to due process provided by Article III, § 10. In *State ex rel. Ring v. Boober*, 200 W.Va. 66, 488 S.E.2d 66 (1997), the defendant made an untimely demand for a jury trial, which was later denied by the magistrate court following a hearing where the defendant apparently made no attempt to justify the late request. This Court held that a defendant's failure to make a timely demand for a jury trial should be treated as a valid waiver of the right to trial by jury so long as the accused has been properly informed of the necessity of making such a request. We reasoned in *Boober* that where a defendant has been given notice of the twenty-day period for requesting a jury trial and informed as to the consequences of failing to make a timely demand,

> "any ensuing inaction is intentional conduct by the defendant indicating to the court that a jury trial has been waived. Because in this context any inaction constitutes intentional conduct, the court is not presuming 'acquiescence in the loss of fundamental constitutional rights.' Rather, the court is informed that the right has been voluntarily and knowingly waived."

200 W.Va. at 71, 488 S.E.2d at 71 (quoting *Christie v. People*, 837 P.2d 1237, 1243 (Colo. 1992)). The Court went on to hold in the syllabus of *Boober* that,

> The procedures set forth in W. Va.Code § 50–5–8(b) (1994) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts are sufficient to inform a magistrate that the right to a jury trial, as provided for in Article III, Section 14 and Article VIII, Section 10 of the West Virginia Constitution, has been voluntarily, knowingly, and intelligently waived, so that W. Va.Code § 50–5–8(b) and Rule 5(c) preserve a defendant's constitutional right to a jury trial.

Rather than creating an irrebuttable presumption of a valid waiver based upon the failure to request a jury trial within the twenty day period provided under § 50–5–8(b) and Rule 5(c), the *Boober* Court made clear that there exist mechanisms by which a defendant who has otherwise failed to make a timely request may still demonstrate that such inaction was not tantamount to a knowing and voluntary waiver. Specifically, the Court cited Rule 26(b)(3) of the West Virginia Rules of Criminal Procedure for Magistrate Courts as providing an "adequate[ ] safeguard to insure that the procedures set forth in W. Va.Code § 50–5–8(b) and Rule 5(c) result in a valid waiver." *Boober*, 200 W.Va. at 70, 488 S.E.2d at 70.

Rule 26(b)(3) provides generally that a time limitation may be extended upon a showing of "unavoidable cause." The importance of this rule in the context of § 50–5–8(b) and Rule 5(c) is obvious, since it permits a defendant to demonstrate that the tardiness in demanding a jury trial resulted from factors beyond his or her immediate control, such that an intentional, knowing and voluntary waiver of the right cannot be reasonably presumed. Indeed, in finding a valid waiver of the right to a trial by jury, the Court in *Boober* placed considerable emphasis on the fact that notwithstanding the defendant having been afforded a hearing on the issue, he had "offered no reason for his untimely demand." 200 W.Va. at 71, 488 S.E.2d at 71.

■ In light of the indispensable function that Rule 23(b)(3) serves in the context of permitting a determination of whether a defendant's failure to timely request a jury trial has resulted from a valid waiver, we find that a hearing on this issue is mandatory where a defendant asserts unavoidable cause for the delay. Consequently, the Court holds that where a criminal defendant subject to trial in magistrate court fails to timely demand a jury trial within the twenty-day period provided by W. Va.Code § 50–5–8(b) and Rule 5(c) of the West Virginia Rules of Criminal Procedure for Magistrate Courts, but later seeks to exercise the constitutional right to a trial by jury citing unavoidable cause for the delay in making the request, the magistrate court is obligated to hold a hearing on the

issue so as to permit the creation of an adequate record bearing upon whether the untimely demand resulted from an intentional, knowing and voluntary waiver of such right by the defendant.

In this case, Callahan demanded a trial by jury citing this Court's opinion in *Boober.* Although Callahan could have been more specific concerning his intention to demonstrate unavoidable cause, we find that the jury trial demand coupled with the citation to *Boober* adequately put the magistrate court on notice as to the nature of the defendant's request. The magistrate court was therefore obligated to hold a hearing on the matter. We further conclude that the circuit court erred in that it should have granted extraordinary relief in this case, whether by prohibition or mandamus, requiring the magistrate court to conduct such a hearing. Significantly, by failing to provide Callahan with a hearing, the magistrate court effectively deprived him of an opportunity for meaningful

appellate review of the issue concerning whether he validly waived his right to a jury trial. Under such circumstance, the relief available by way of an appeal would likely prove inadequate, notwithstanding the provisions of W. Va.Code § 50–5–13(c)(5).[4]

## IV.

## CONCLUSION

For the reasons stated, the judgment of the Circuit Court of Jefferson County is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

4. West Virginia Code § 50–5–13(c)(5) (1994) permits trial *de novo* before a jury in circuit court where "the proceedings below were subject to error to the extent that the [appealing] party was effectively denied a jury trial." This exception to the general rule governing criminal appeals to circuit court is triggered when an "error" is discernable on the face of the record—a determination that cannot be fully accomplished where a defendant has been deprived of an opportunity to make an adequate record in the first instance.