671 S.E.2d 772

**Lea Anne HAWKINS, Petitioner Below, Appellant**

v.

**Anthony J. JULIAN, Judge, and Municipal Court of the City of Fairmont, Respondents Below, Appellees**

**Gretchen Mezzanotte, Petitioner Below, Appellant**

v.

**Anthony J. Julian, Judge, and Municipal Court of the City of Fairmont, Respondents Below, Appellees.**

**Nos. 33905, 33906.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 28, 2008.

Decided Dec. 2, 2008.

Frances C. Whiteman, Esq., Whiteman Burdette, PLLC, Fairmont, for Appellants.

Boyd L. Warner, Esq., Waters, Warner & Harris, PLLC, Clarksburg, for Anthony J. Julian, Judge, and the Municipal Court of the City of Fairmont.

MAYNARD, Chief Justice.[1]

Petitioners below and Appellants herein, Lea Anne Hawkins and Gretchen Mezzanotte, appeal the October 23, 2007, order and the October 24, 2007, order, respectively, of the Circuit Court of Marion County that denied injunctive relief and relief in prohibition to the appellants against Respondents below and Appellees herein Anthony J. Julian, Judge, and the Municipal Court of the City of Fairmont. The appellants sought to prohibit the municipal court from proceeding further against them with regard to unpaid parking violation fines and penalties. After careful consideration of the issues raised in this case, we affirm.

## I.

## FACTS

The City of Fairmont cited Appellant Lea Anne Hawkins, Assistant Prosecuting Attorney for Marion County, with 377 separate parking meter violations from November 2005 through November 2006. Appellant Gretchen Mezzanotte, Deputy Clerk of the Marion County Circuit Court Clerk's Office, was similarly cited with 94 separate parking meter violations during the same period of time.

Both appellants executed amnesty agreements with the City of Fairmont. Under Ms. Hawkins' agreement, she was to pay $3,801.00, which total represents all of the 377 parking fine assessments and half of the penalties levied as a result of the unanswered parking violations. Under Ms. Mezzanotte's agreement, she agreed to pay $724.00, which total represents all parking violations and half of the penalties levied as a result of her unanswered parking violations.

Subsequently, the appellants became delinquent in the payments. As a result, notice was sent to Ms. Hawkins and Ms. Mezzanotte on June 22, 2007, and July 16, 2007, respectively, to appear before the Municipal Court on August 16, 2007, at 3:30 p.m. to answer the parking meter violations. Neither appellant appeared at the hearing. As a result, the municipal court issued capiases for the appellants' arrests. Thereafter, the appellants were taken into custody, processed, given an opportunity to post bond and provided a date and time to appear

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008 and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

before the municipal court for failure to appear at the scheduled hearing.

Each appellant then filed what was styled an "Amended Ex Parte Petition for Preliminary Injunction, Permanent Injunction, Temporary Restraining Order, and Petition for Writ of Prohibition" in the Circuit Court of Marion County to prevent the municipal court from conducting an arraignment and any additional criminal proceedings. By orders of October 23, 2007, and October 24, 2007, the circuit court denied the appellants the relief sought. The appellants now appeal to this Court asserting that the circuit court's denial of injunctive relief and relief in prohibition was error. The circuit court has ordered a stay of the municipal court proceedings until this Court renders a decision in this case.

## II.

### STANDARD OF REVIEW

■ The appellants appeal the circuit court's denial of their petition for a permanent injunction and their petition for a writ of prohibition.[2] With regard to the denial of injunctive relief, this Court has held:

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.

Syllabus Point 11, *Stuart v. Realty Corp.*, 141 W.Va. 627, 92 S.E.2d 891 (1956). Concerning the denial of relief in prohibition, "[t]he standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syllabus Point 1, *State ex rel. Callahan v. Santucci*, 210 W.Va. 483, 557 S.E.2d 890 (2001).

## III.

### DISCUSSION

■ The issue in this case is whether a municipal court has criminal jurisdiction over a person who has failed to pay parking violation fines and penalties including the power to have the person arrested for failure to appear in response to a summons to answer for the delinquent fines and penalties.

The appellants argue that the municipal court lacked jurisdiction over their unpaid parking violations because there was no existing criminal matter involving the appellants before the municipal court. According to the appellants, the West Virginia Code does not define parking violations as criminal offenses. Second, say the appellants, Fairmont city ordinances do not define the failure to pay parking tickets as a criminal offense. In fact, the city code provides that fines and penalties may be collected through civil methods provided by law. Third, the appellants assert that the forfeiture of the amnesty agreement is a civil contractual matter. They note that the agreement itself provides for the collection remedies of towing and immobilization. Accordingly, the appellants conclude that the municipal court lacked subject matter jurisdiction over their failure to pay the amnesty agreement and as a result, the circuit court should have prohibited it from exercising jurisdiction over this matter.

The appellees counter that this Court has clearly stated that violations of city ordinances are criminal in nature. In addition, the Legislature has granted the authority to cities to enact criminal ordinances including the enforcement of parking violations. Finally, the City of Fairmont has ordinances governing parking violations and the failure to pay fines arising from those violations. Therefore, the appellees conclude that the municipal court has jurisdiction over the appellants' cases including the power to summons the appellants to a hearing upon their forfeiture of the amnesty agreement, and then to have the appellants arrested upon failure to appear.

2. The appellants state in their brief to this Court that it is now unnecessary for this Court to address their requests for a preliminary injunction and a temporary restraining order.

■ We agree that the municipal court has criminal jurisdiction over the appellants' cases. This Court long ago held that "[v]iolation of the public ordinances of cities, towns, and villages are strictly criminal in nature, being offenses against the public, and not merely private wrongs." Syllabus Point 1, *City of Charleston v. Beller*, 45 W.Va. 44, 30 S.E. 152 (1898). The appellants attempt to distinguish the facts in *Beller* from the instant facts, and they imply that the rule cited above was dicta. The appellants are incorrect. This Court's holding in *Beller* is a point of law which was cited in a syllabus point and which is applicable to the present case. *See* Syllabus Point 2, in part, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001) (holding that when new points of law are announced they are articulated in syllabus points). Thus, under the law announced by this Court in *Beller*, the appellants' violations of the public parking ordinances of the City of Fairmont are criminal in nature.

■ In addition, this Court previously has recognized that municipal courts have the power to issue arrest warrants for failure to appear in response to a summons. "A municipal court's and mayor's authority to issue warrants is the same as our magistrates. W.Va.Code, 8–10–1 and 8–10–2." *State ex rel. Hill v. Smith*, 172 W.Va. 413, 415, 305 S.E.2d 771, 773 (1983). According to W.Va. Code § 50–2–3 (1993), in part, which provides for the criminal jurisdiction of magistrate courts, "[a] magistrate shall have the authority to issue arrest warrants in all criminal matters[.]" Further, our Rules of Criminal Procedure for Magistrate Courts provide in Rule 4(a) that a magistrate may issue a warrant for the arrest of a defendant.[3] It further indicates that "[i]f a defendant fails to appear in response to the summons, a warrant shall issue." Therefore, based on the fact that municipal courts have the same power to issue warrants as magistrates, and magistrates have the power to issue arrest

warrants for defendants who fail to appear in response to a summons, we now hold that a judge of a municipal court created pursuant to W.Va.Code § 8–10–2 (2007) has the same authority as a magistrate to issue a capias or an arrest warrant for a defendant who fails to appear before the court in response to a properly issued summons.

In support of their appeal, the appellants contend that no underlying citations were ever issued and that no criminal case was instituted against them. This Court notes, however, that the parking tickets issued to each of the appellants contained the following language:

You are charged with the parking violation checked above. An additional fine of $10.00 will be levied for failure to answer this complaint within 30 days.

If not paid within 30 days, you will be subject to vehicle immobilization and/or towing, or any remedy as provided by City Code, which may include a warrant for your arrest.

This language plainly notifies the appellants that they were to answer for violating the public parking ordinances of the City of Fairmont.

Also, the appellants contend that they were never informed that their breach of the amnesty agreement would amount to a criminal offense. The problem with the appellants' argument is that they misconstrue the nature of the amnesty agreement. As we determined above, the appellants' violations of the parking ordinance were criminal in nature and subjected the appellants to the payment of certain fines. The subsequent execution of the amnesty agreement, regardless of how that agreement is characterized, did not alter in any way the criminal nature of the appellants' violations or change these violations into a civil matter. Thus, we find the appellants' argument with regard to the

---

3. Our reference to the Rules of Criminal Procedure for Magistrate Courts is solely for the purpose of illustrating the authority of magistrate courts to issue warrants. Municipal courts are outside of the constitutionally prescribed uniform court system, *W.Va. Const.*, art. VIII, § 3, and procedural rules promulgated by this Court only have force and effect in municipal courts when expressly provided by statute. *See e.g.*, W.Va. Code § 8–10–2(d) (2007) (providing that if a municipal court judge determines, upon demand of a defendant, to conduct a trial by jury in a criminal matter, he or she shall follow the procedures set forth in the Rules of Criminal Procedure for Magistrate Courts).

civil nature of the amnesty agreement to be without merit.

In sum, we have found that the appellants' parking violations constitute violations of criminal ordinances over which the municipal court has jurisdiction. Moreover, municipal courts have the authority to issue an arrest warrant for a defendant who fails to appear before the court in response to a summons. Therefore, we find no error in the circuit court's denial of the appellants' request for an injunction and writ of prohibition to prevent the municipal court from conducting further criminal proceedings against them.

### IV.

### CONCLUSION

For the reasons stated above, we affirm the October 23, 2007, and October 24, 2007, orders of the Circuit Court of Marion County that denied the appellants injunctive relief and relief in prohibition with regard to criminal proceedings against the appellants in the Municipal Court of the City of Fairmont.

Affirmed.

Justice ALBRIGHT not participating.

Senior Status Justice MCHUGH sitting by temporary assignment.