**FILED**
**June 10, 2021**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 19-1037

_____

ROBERT NELSON RECTOR,
Petitioner

v.

KIMBERLY KAY ROSS,
formerly known as KIMBERLY KAY RECTOR,
JACLYN BELCASTRO,
as power of attorney for Kimberly Kay Ross,
THOMAS G. DYER, and
THE HONORABLE LORI B. JACKSON,
Respondents

_____

Appeal from the Circuit Court of Harrison County
The Honorable James A. Matish, Judge
Civil Action No. 17-C-344

AFFIRMED, IN PART, REVERSED, IN PART, and
REMANDED WITH DIRECTIONS

_____

Submitted: March 16, 2021
Filed: June 10, 2021

Gregory H. Schillace, Esq.
Schillace Law Office
Clarksburg, West Virginia
Counsel for Petitioner

Teresa J. Lyons, Esq.
Lyons Phillips Legal Group PLLC
Morgantown, West Virginia
Counsel for Respondent,
the Honorable Lori B. Jackson

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE HUTCHISON and JUSTICE WOOTON concur, in part, dissent, in part, and reserve the right to file separate opinions.

1.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.      "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syl. Pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001).

3.      "In any contempt case where the sanction imposed is either (1) a determinate term of incarceration, or (2) a monetary penalty payable to the State or to the court, the contemner is entitled to a jury trial.  In any contempt case where the sanction imposed is either (1) an indefinite term of incarceration which specifies a reasonable manner in which the contempt may be purged, thereby securing the immediate release of the contemner, (2) the payment of a prospective fine which may be avoided by compliance with the court's order, or (3) the payment of compensation or damages to the party aggrieved, the contemner is not entitled to a jury trial.  In any contempt case where the court proceeds without a jury, the contumacious conduct giving rise to the contempt charge must fall squarely within West Virginia Code § 61-5-26(a), (b), (c) or (d)." Syl. Pt. 8, *In re Frieda Q.*, 230 W. Va. 652, 742 S.E.2d 68 (2013).

4.      "When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syl. Pt. 10, *Jennings v. McDougle*, 83 W. Va. 186, 98 S.E. 162 (1919).

ARMSTEAD, Justice:

Petitioner, Robert Nelson Rector ("Petitioner"), contests two circuit court rulings. First, Petitioner asserts that the circuit court erred by imposing a monetary sanction on his attorney, Gregory H. Schillace ("Mr. Schillace"), based on misconduct the court found that Mr. Schillace had committed. Second, Petitioner argues that the circuit court erred by dismissing his petition for a writ of prohibition which sought to prevent the family court from proceeding with a rule to show cause hearing against Petitioner and Mr. Schillace based on their failure to appear at a family court proceeding.

After review, we reverse the monetary sanction the circuit court imposed on Mr. Schillace, and find that pursuant to this Court's ruling in *In re Frieda Q.*, 230 W. Va. 652, 742 S.E.2d 68 (2013), Mr. Schillace is entitled to a jury trial on this sanction. We affirm the circuit court's ruling dismissing Petitioner's writ of prohibition. We remand this matter to the circuit court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a "Complaint for Declaratory Relief, Writ of Prohibition and Other Relief" in November of 2017. This lawsuit sought to enforce the terms of a divorce settlement agreement entered into by Petitioner and his former wife, Respondent Kimberly Kay Ross ("Respondent Ross"). It also sought to prevent the family court from proceeding with a contempt hearing against Petitioner and Mr. Schillace. The procedural history

1

leading up to this lawsuit is convoluted and spans a number of proceedings.[1] However, the current matter before this Court only involves two legal issues: 1) a monetary sanction the circuit court imposed on Mr. Schillace, and 2) the circuit court's ruling dismissing Petitioner's writ of prohibition. For ease of the reader, we focus our factual and procedural background on the events in this matter that are relevant to our resolution of these two issues.

Respondent Family Court Judge Lori Jackson ("Judge Jackson") presided over the divorce proceedings between Petitioner and Respondent Ross. The family court entered a decree of divorce ("divorce order") on December 21, 2016. On January 23, 2017, Petitioner filed an appeal of the family court's divorce order in the circuit court. Petitioner did not file a motion for a stay in conjunction with his circuit court appeal at that time.[2]

---

[1] Respondent Ross shot Petitioner while they were still married. She was convicted of wanton endangerment with a firearm. The named Respondents in this matter include Respondent Ross's criminal defense attorney, Thomas Dyer, who claimed a debt from his representation of her; and the guardian ad litem appointed to represent Respondent Ross while she was incarcerated.

[2] Rule 27 of the Rules of Practice and Procedure for Family Court provides, in relevant part:

> (a) Motion for Stay. Any person desiring to file a petition for appeal from a final order of the family court may file a motion for a stay of proceedings in the family court in which the order was entered. The motion for a stay shall be filed with the circuit clerk and served upon the respondent in accordance with Rule 5 of the Rules of Civil Procedure.

(continued . . .)

Respondent Ross's guardian ad litem[3] filed a petition for contempt with the family court on February 24, 2017, alleging that Petitioner failed to provide Respondent Ross's family with her separate property in violation of the divorce order.[4] The guardian ad litem filed a supplemental petition for contempt on April 12, 2017. In response, Judge Jackson issued a rule to show cause and scheduled a hearing for May 1, 2017.

---

(b) Effect of Stay. Either on its own motion or upon motion by a party, the family court may order a stay of all or part of a final order, for the period of time allowed for filing of a petition for appeal to the circuit court or for any additional period of time pending disposition of the appeal. Provided, however, that an order granting a motion for stay may not include a stay of an award for the payment of spousal support or child support pending the appeal, except that an award of past-due child support may be stayed pending disposition of the appeal.

(c) Application in Circuit Court. If the family court should refuse to grant a stay, or if the relief afforded is not acceptable, the party desiring to file the petition for appeal in the circuit court may file a motion for a stay of the proceedings in the circuit court. The motion for a stay shall be filed with the circuit clerk and served upon the respondent in accordance with Rule 5 of the Rules of Civil Procedure. The circuit court may order a stay of all or part of a final order, for the period of time allowed for filing of a petition for appeal to the circuit court, or for any additional period of time pending disposition of the appeal. Provided, however, that an order granting a motion for stay may not include a stay of an award for the payment of spousal support or child support pending the appeal, except that an award of past-due child support may be stayed pending disposition of the appeal.

[3] Respondent Ross was incarcerated when the family court entered its final divorce order.

[4] Petitioner's appeal of the divorce order to circuit court did not concern the family court's ruling regarding the parties' separate property.

The circuit court affirmed the divorce order on April 24, 2017. Without having filed a petition for appeal in this Court, Petitioner filed a motion for a stay of the divorce order in the circuit court on April 28, 2017.

Both the family court and the circuit court conducted hearings in this case on May 1, 2017. The family court held its hearing on the contempt petitions filed by Respondent Ross's guardian ad litem on the morning of May 1, 2017. Both Petitioner and Mr. Schillace were present at this hearing. According to Judge Jackson, this hearing only concerned Respondent Ross's separate property and did not involve any matters that Petitioner had appealed to the circuit court. The hearing was not concluded in its scheduled timeframe and the family court ruled that the hearing would resume the following day, May 2, 2017.

The circuit court's May 1, 2017, hearing occurred after the family court's hearing. During the circuit court hearing, the court granted Petitioner's motion for a stay. The circuit court's order provides "the petitioner filed a motion for stay **of proceedings pending appeal** pursuant to Rule 28(a) of the West Virginia Rules of Civil Procedure. . . . In accordance with Rule 28 . . . this Court GRANTS a stay of proceedings in this action until May 24, 2017." (Emphasis added). The circuit court sent a copy of this order to Judge Jackson. Importantly, the circuit court's order did not specifically address the contempt proceeding that was pending in the family court, nor did it address Respondent Ross's separate property. Instead, the order only provided that Petitioner sought a stay of "proceedings pending appeal," and that it was granting the motion.

4

Judge Jackson reconvened the contempt hearing in the family court on May 2, 2017. Petitioner and Mr. Schillace did not appear at this hearing, nor did they contact the family court to inform Judge Jackson that they would not attend this hearing. Judge Jackson rescheduled the contempt hearing for June 2, 2017. On May 4, 2017, Petitioner filed a notice of appeal with this Court. On May 30, 2017, Petitioner filed a motion with the circuit court to enforce the previous stay.

On June 2, 2017, the circuit court entered an order "Granting Motion to Enforce Stay and Clarification of May 1, 2017 Order Granting Stay of The Petitioner Pending Appeal." This order clarified that the family court's contempt proceeding was stayed. However, the order also noted a lack of clarity in its May 1, 2017, stay order: "This Court makes no finding that the Family Court Judge violated the May 1, 2017 Order due to lack of clarity in that Order."

In August of 2017, Petitioner and Respondent Ross entered into a settlement, and Petitioner filed a motion with this Court to dismiss his appeal. This Court granted Petitioner's motion and dismissed the appeal by order entered on August 27, 2017. Thereafter, Judge Jackson entered an "Order Issuing Rule to Show Cause and Setting Hearing" against Petitioner and Mr. Schillace based on their failure to appear at the family court contempt hearing on May 2, 2017.

As stated above, Petitioner filed the complaint initiating this action on November 3, 2017. He filed an amended complaint on November 29, 2017, in which he asserted that Judge Jackson "is without jurisdiction to schedule and/or hold any hearing

5

regarding the non-appearance of the plaintiff and/or his counsel at the May 2, 2017 . . . hearing following the entry of the stay by the Circuit Court on May 1, 2017." Petitioner's amended complaint sought a writ of prohibition from the circuit court to prohibit Judge Jackson from holding this hearing.

A hearing on Petitioner's writ of prohibition was scheduled in the circuit court on December 11, 2017. During this hearing, the circuit court noted that Judge Jackson had not been served with Petitioner's amended complaint. The circuit court ordered: 1) Petitioner to serve Judge Jackson; 2) Judge Jackson to respond to the complaint within thirty days after receiving service; and 3) Mr. Schillace to prepare an order following the hearing. The next circuit court hearing was scheduled for February 28, 2018.

Mr. Schillace failed to prepare an order following the December 11, 2017, hearing in a timely fashion.[5] Further, Petitioner failed to serve Judge Jackson with a copy of the amended complaint. Finally, neither Petitioner nor Mr. Schillace appeared at the February 28, 2018, circuit court hearing.

On March 20, 2018, the circuit court entered an order entitled "Order Scheduling Further Hearing and Issuing Rule to Show Cause." This order commanded Mr. Schillace to appear and show cause as to why he should not be held in contempt. The circuit court's March 20, 2018, order provides:

---

[5] It appears the order memorializing the December 11, 2017, hearing was not submitted to the circuit court until October 29, 2018.

the Court hereby issues a Rule to Show Cause to Attorney Gregory Schillace to appear on March 30, 2018, at 9:00 a.m. to show cause, if there be any, **why he should not be held in contempt** for failing to prepare an order from the December 11, 2017 hearing, for failing to serve the Amended Complaint for Declaratory Relief, Writ of Prohibition, and Other Relief as had been directed by the Court, and failing to appear for the hearing on February 28, 2018.

(Emphasis added).

The circuit court held a hearing on its rule to show cause on March 30, 2018. At the beginning of this hearing, the circuit court judge noted that "the Court set this matter for hearing today on a rule to show cause directed towards the plaintiff's counsel, Gregory Schillace, **to show cause why he should not be held in contempt**" for failing to 1) prepare the order following the December 2017 hearing, 2) serve Judge Jackson with the amended complaint, and 3) appear at the February 28, 2018, hearing. (Emphasis added). In addition to these three issues that had occurred in the present case, the circuit court recited concerns it had with Mr. Schillace in seven additional cases.[6] After noting these repeated instances of Mr. Schillace's problematic conduct, the circuit court judge stated:

---

[6] The circuit court found that Mr. Schillace's misconduct occurred in the following matters: 1) *Harper Lumber Building Supply v. Rulin Construction*, case no. 16-C-251 (improperly attempted to continue the final preconference hearing); 2) *Beverly Hill Masonry LLC v. Thompson*, case no. 15-C-15 (failed to sign a release despite the court ordering him to do so); 3) *Marks v. Pritt*, case no. 16-C-244 (failed to file a response to a summary judgment motion); 4) *McKibben v. DePolo*, case no. 17-C-225 (failed to sign an order withdrawing as counsel); 5) *Bear Paw Company, LLC v. Dearth*, case no. 17-C-70 (failed to file a response to a summary judgment motion); 6) *Hooshyar v. Hartnett*, case no. 16-C-311 (failed to appear at the final pretrial conference); 7) *State v. Owens*, case no.
(continued . . .)

7

Now, what do I do about all this? Mr. Schillace, if it were an isolated incident, I could probably look the other way, but I can't. It's repeated. And from what I see that's happening in my Court, I can only imagine what may be happening elsewhere. So, this Court has no choice but to require a transcript of this [hearing] to be made and to be sent to the lawyer's disciplinary office. The Court is also going to hold true to its word that the next time there is any shenanigans on your part, there will be a $5,000 lien, penalty, assessed against you. And the Court is doing that here in this particular case. That needs to be payable to the clerk by the end of next week.

Following the hearing on the rule to show cause as to why Mr. Schillace should not be held in contempt, the circuit court entered an order directing Mr. Schillace to pay the $5,000 penalty to the circuit clerk by April 6, 2018.

On April 9, 2018, Petitioner filed a motion to alter or amend the $5,000 penalty the circuit court imposed on Mr. Schillace. In this motion, Petitioner argued that Mr. Schillace did not have notice that a monetary penalty could be imposed, nor did he have notice or an opportunity to "respond to the matters unrelated to the [current case] referenced by the Court during the March 30, 2018, hearing. The Circuit Court has an obligation to afford a party with notice and the opportunity to be heard prior to awarding [this sanction]."

The circuit court held a hearing on July 13, 2018. During this hearing, Mr. Schillace stated that he had not paid the $5,000 penalty. He asserted that he had filed a

17-F-221 (criminal hearing had to be continued after Mr. Schillace failed to appear and sent his associate who had no experience in criminal matters).

8

motion to alter or amend the order imposing the sanction. However, he did not contest the fact that the order imposing the sanction had not been stayed. The circuit court instructed Mr. Schillace that he needed to pay the $5,000 penalty.

The circuit court held a final pretrial conference on June 27, 2019. The circuit court again inquired whether Mr. Schillace had paid the $5,000 penalty. He replied that he had not. The circuit court directed Mr. Schillace to pay the fine by the end of the day, and informed him that fifty dollars would be added each day that it went unpaid. The circuit court characterized the fifty dollar per day fine as a "civil contempt" penalty. Mr. Schillace orally moved for a stay of this penalty at this hearing. The circuit court denied this motion. One day later, on June 28, 2019, Mr. Schillace filed a "Motion to Alter/Amend Rulings of the Court Announced during June 27, 2019 Hearing; and Motion to Stay to Permit Filing of Petition for Writ of Prohibition." The circuit court denied this motion by order entered on August 13, 2019. In that order, the circuit court stated that the $5,000 penalty was imposed pursuant to its inherent authority to regulate judicial proceedings, and that the fifty-dollar per day fine was a civil contempt penalty.

The next hearing occurred on August 14, 2019. The circuit court again asked Mr. Schillace whether he had paid the fine. He replied that he had not. The circuit court responded:

> Well, the Court is going to order that the sum of $5,000, plus the $50 per day civil contempt penalty against Mr. Schillace, . . . total of $6,500, that that sum be reduced to a judgment against Gregory H. Schillace, Attorney-At-Law, who is representing the plaintiff in this particular case, and that

9

it be in favor of the State of West Virginia and that a Writ of Execution issue forthwith with respect to that judgment order.

The Court's previously advised Mr. Schillace that the Court would impose the sanction, as an additional sanction in this particular case, dismissal of Count 4 against Family Court [Judge] Jackson if he did not pay that sanction before the hearing today, which he's admitted that he has not.

Court will further make a finding that the filing of the Writ of Prohibition against Family Court [Judge] Jackson in this particular case was frivolous, in that the plaintiff and the plaintiff's attorney could not have sustained the cause of action against the Family Court Judge under the facts of this case because Family Court Judge did have jurisdiction to address the contempt issues once the petition was dismissed. And that includes not only against the parties but the attorneys that were representing the parties who failed to appear before the Family Court Judge.

Court will further find that the attorney would have had an adequate remedy at law by filing an appeal to any sanction that may have been imposed against him or his client by the Family Court Judge.

Following this hearing, the circuit court entered an order on October 16, 2019, granting judgment against Mr. Schillace in the amount of $6,500, and dismissing the writ of prohibition Petitioner sought to prevent the family court from proceeding with the contempt proceeding. After entry of this order, Petitioner filed the instant appeal.

## II. STANDARD OF REVIEW

Petitioner appeals the circuit court's ruling imposing a monetary fine on Mr. Schillace. This issue requires us to examine whether the monetary fine was a contempt sanction or whether it was made pursuant to the circuit court's inherent authority. Our review of this issue is de novo. "Where the issue on an appeal from the circuit court is

10

clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).[7] Likewise, our review of the circuit court's order denying Petitioner's requested writ of prohibition is also de novo. "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syl. Pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001).

### III. ANALYSIS

Petitioner contests two issues in this appeal. First, he asserts that the circuit court erred by imposing a monetary sanction against Mr. Schillace. Second, he argues that the circuit court erred by dismissing his petition for a writ of prohibition. We address each of these arguments in turn.

### A. Monetary Penalty

The first issue is whether the circuit court erred by imposing a monetary penalty on Mr. Schillace. Our initial inquiry on this issue is whether the monetary sanction was entered pursuant to the circuit court's inherent authority or whether it was a contempt sanction. Mr. Schillace argues that the monetary fine was in the nature of criminal contempt, and, as such, he was entitled to certain due process before the fine could be

---

[7] When assessing whether a sanction was proper, our standard of review is as follows: "This Court reviews a trial court's assessment of sanctions under an abuse of discretion standard." *Davis ex rel. Davis v. Wallace*, 211 W. Va. 264, 266, 565 S.E.2d 386, 388 (2002).

imposed. Conversely, Judge Jackson argues that the monetary fine was imposed pursuant to the circuit court's inherent authority. According to Judge Jackson, a circuit court has inherent authority to control its proceedings and this authority is separate from a contempt sanction. Judge Jackson also notes that the circuit court clarified that the monetary fine it imposed on Mr. Schillace was made pursuant to its inherent authority.

Upon review, we find that the $5,000 monetary sanction imposed on Mr. Schillace was a contempt sanction. Prior to the monetary sanction being imposed, the circuit court issued a rule to show cause directed against Mr. Schillace to show why he should not be held in contempt for failing to 1) prepare the order following the December 2017 hearing, 2) serve Judge Jackson with the amended complaint, and 3) appear at the February 28, 2018, hearing. We emphasize that the circuit court's March 20, 2018, rule to show cause order unequivocally provides that the purpose of the hearing was to address whether Mr. Schillace should be held in contempt. Further, at the beginning of the March 30, 2018, hearing, the circuit court judge noted that "the Court set this matter for hearing today on a rule to show cause directed towards the plaintiff's counsel, Gregory Schillace, to show cause **why he should not be held in contempt**[.]" (Emphasis added). The court then proceeded with the contempt hearing, recounted Mr. Schillace's problematic conduct, and informed Mr. Schillace that it was imposing a monetary sanction based on his misconduct.

We find that pursuant to the plain language of the circuit court's rule to show cause order, as well as the statement from the circuit court judge at the March 30, 2018,

12

hearing, the monetary fine imposed on Mr. Schillace was a contempt sanction. We disagree with Judge Jackson's argument that the monetary fine should not be considered a contempt sanction because the circuit court later provided that the fine was entered pursuant to its inherent authority. The circuit court issued this "clarification" in an August 13, 2019, order—over one year after it held the rule to show cause contempt hearing. This clarification does not alter the plain language of the rule to show cause order that clearly informed Mr. Schillace that the hearing was to determine whether he should be held in contempt. Further, the clarification did not alter the fact that the circuit court judge began the March 30, 2018, hearing by informing the parties that the purpose of the hearing was to determine whether Mr. Schillace should be held in contempt. Moreover, the order the circuit court entered after the March 30, 2018, hearing does not state that the monetary sanction was being entered pursuant to the court's inherent authority.

This Court has provided that "**before** issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority." *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 226 W. Va. 103, 110, 697 S.E.2d 139, 146 (2010) (Emphasis added, internal citation omitted). In the present case, the circuit court did not determine that it had the inherent authority to impose a monetary sanction on Mr. Schillace before issuing the penalty. Instead, it entered this sanction after holding a contempt hearing. This Court's prior holdings do not support a finding that a circuit court may hold a contempt hearing, issue a monetary sanction against an attorney, and then issue a subsequent order (over one year

13

later in the instant case) clarifying that the sanction was issued pursuant to the court's inherent authority.

Based on the foregoing, we reject Judge Jackson's argument and conclude that the monetary fine entered against Mr. Schillace was a contempt sanction.[8]

Having found that the monetary fine was a contempt sanction, we must examine whether the sanction was proper under our contempt jurisprudence. This Court set forth a comprehensive discussion of our law on contempt in *In re Frieda Q.*, 230 W. Va. 652, 742 S.E.2d 68. In *Frieda Q.*, the Court noted that a previous opinion authored by Justice McHugh described the difference between civil contempt and criminal contempt:

> The contempt is civil where the purpose to be served by imposing a sanction for contempt is to compel compliance with a court order by the contemner so as to benefit the party bringing the contempt action by enforcing, protecting, or assuring the right of that party under the order. The appropriate sanction in a civil contempt case is an order that incarcerates a contemner for an indefinite term and that also specifies a reasonable manner in which the contempt may be purged

---

[8] To be clear, this opinion should not be read to suggest that a circuit court lacks the inherent authority to sanction an attorney under appropriate circumstances. This Court has held that "[a] court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." Syl. Pt. 3, in part, *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 226 W. Va. 103, 697 S.E.2d 139 (citation omitted). However, in the instant case, the monetary fine was imposed after the court gave notice to Mr. Schillace that it was going to hold a rule to show cause hearing to determine whether he should be held a contempt, held this hearing, and then ordered him to pay a fine based on a wide range of misconduct the Court found that he committed. Because the court entered a monetary sanction against Mr. Schillace after holding a contempt hearing, and did not assert that it was acting pursuant to its inherent authority until over a year after it had imposed the fine, we conclude that Mr. Schillace was entitled to the due process protections that accompany contempt proceedings.

thereby securing the immediate release of the contemner, or an order requiring the payment of a fine in the nature of compensation or damages to the party aggrieved by the failure of the contemner to comply with the order.

The contempt is criminal where the purpose to be served by imposing a sanction for contempt is to punish the contemner for an affront to the dignity or authority of the court, or to preserve or restore order in the court or respect for the court. The appropriate sanction in a criminal contempt case is an order sentencing the contemner to a definite term of imprisonment or an order requiring the contemner to pay a fine in a determined amount.

230 W. Va. at 663-664, 742 S.E.2d at 79-80 (*quoting State ex rel. Robinson v. Michael*, 166 W. Va. 662, 276 S.E.2d 812, 814 (1981)).

In the present case, the $5,000 fine the circuit court imposed on Mr. Schillace following the March 30, 2018, hearing was criminal contempt because it was entered to punish[9] Mr. Schillace for his misconduct, and the amount of the fine was a "determined amount," $5,000. However, we need not dwell on the distinction between civil and criminal contempt in this case because it is clear that under the Court's holding in *Frieda Q.*, Mr. Schillace is entitled to a jury trial on the monetary sanction. The Court set forth the following syllabus point in *Frieda Q.* addressing when a contemner is entitled to a jury trial:

---

[9] The circuit court referred to the fine as a "penalty." Further, the circuit court judge stated that he had previously warned Mr. Schillace that this fine would be imposed "the next time there is any shenanigans." Therefore, it is clear that this fine was imposed to punish Mr. Schillace.

15

In any contempt case where the sanction imposed is either (1) a determinate term of incarceration, or (2) a monetary penalty payable to the State or to the court, the contemner is entitled to a jury trial. In any contempt case where the sanction imposed is either (1) an indefinite term of incarceration which specifies a reasonable manner in which the contempt may be purged, thereby securing the immediate release of the contemner, (2) the payment of a prospective fine which may be avoided by compliance with the court's order, or (3) the payment of compensation or damages to the party aggrieved, the contemner is not entitled to a jury trial. In any contempt case where the court proceeds without a jury, the contumacious conduct giving rise to the contempt charge must fall squarely within West Virginia Code § 61-5-26(a), (b), (c) or (d).

Syl. Pt. 8, 230 W. Va. 652, 742 S.E.2d 68.

Applying this holding to the present case, we find that Mr. Schillace is entitled to a jury trial on the $5,000 sanction because it was "a monetary penalty payable to the State or to the court[.]"[10] *Id.* Therefore, we reverse the circuit court's order imposing a monetary fine on Mr. Schillace, and remand this matter to the circuit court with directions for it to provide Mr. Schillace with a jury trial on this sanction.[11]

---

[10] The circuit court initially ordered Mr. Schillace to pay the fine to the circuit clerk. It later ordered Mr. Schillace to pay the fine to the State of West Virginia.

[11] Because we conclude that Mr. Schillace is entitled to a jury trial on the $5,000 sanction, we also reverse the circuit court's imposition of the additional $1,500 fine based on Mr. Schillace's failure to pay the $5,000 fine.

## B. Writ of Prohibition

The second issue Petitioner contests is the circuit court's ruling dismissing his petition for a writ of prohibition which sought to prevent the family court from proceeding with its contempt hearing against Petitioner and Mr. Schillace.

This Court has provided that "[a] writ of prohibition lies as a matter of right whenever the inferior court (a) has [no] jurisdiction or (b) has jurisdiction but exceeds its legitimate powers[.]" *State ex rel. Farber v. Mazzone*, 213 W. Va. 661, 664, 584 S.E.2d 517, 520 (2003) (Internal citation and quotation omitted). Further, "[w]hen a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syl. Pt. 10, *Jennings v. McDougle*, 83 W. Va. 186, 98 S.E. 162 (1919).

The crux of Petitioner's argument is that "the filing of the appeal to the circuit court on January 23, 2017 deprived the [family court] of any further jurisdiction in the underlying domestic relations case, voiding all actions taken by the family court." We disagree.

According to Petitioner, the family court was deprived of jurisdiction of all matters relating to the divorce case when he filed his appeal to the circuit court on January 23, 2017. However, Petitioner did not file a motion for a stay of proceedings in the family court in conjunction with his January 23, 2017, circuit court appeal. Thus, when Respondent Ross's guardian ad litem filed the motion for contempt with the family court on February 24, 2017, regarding Petitioner's failure to deliver Respondent Ross's separate

17

property to her family, no stay had been entered, and the family court had jurisdiction to consider the contempt motion. A stay was subsequently entered by the circuit court on May 1, 2017, and later clarified in a June 2, 2017, order. The circuit court's June 2, 2017, order clearly provides that the family court's contempt proceeding was stayed "**pending appeal**." The June 2, 2017, order provides: "it is ORDERED that any matter pending before the Family Court of Harrison County with respect to this action or these parties, including but not limited to, any petition alleging contempt that were previously pending are STAYED pending appeal[.]"

After the June 2, 2017, order was entered, the family court took no action in this matter until after this Court dismissed Petitioner's appeal on August 27, 2017. Pursuant to the plain language of the June 2, 2017, circuit court order, the stay in this matter was in place as long as the case was "pending appeal." After this Court granted Petitioner's motion to dismiss his appeal, this stay was no longer in place. Therefore, we agree with the circuit court's determination that the family court "did have jurisdiction to address the contempt issues once the petition was dismissed." Thus, we affirm the circuit court's order dismissing Petitioner's writ of prohibition.

## IV. CONCLUSION

We reverse the monetary sanction the circuit court imposed on Mr. Schillace, and find that Mr. Schillace is entitled to a jury trial on this sanction. We affirm the circuit

18

court's ruling dismissing Petitioner's writ of prohibition.  We remand this matter to the circuit court for further proceedings consistent with this opinion.

Affirmed, in part, Reversed, in part, and Remanded with Directions.